ERNEST YALE SINGER vs. ROBERT A. STANZIANI. November 1, 1968. This case is before us on an appeal by the plaintiff from the sustaining of the defendant's demurrer to his declaration on the grounds that it did not set forth a cause of action and alleged damages unrelated in fact and in law to any breach of duty the defendant may have owed the plaintiff. There was no error. The declaration, which was discursive and confused, did not state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action. G. L. c. 231, § 18, Fourth. *Doleva* v. *Bramley* 345 Mass. 767.

*Order sustaining demurrer affirmed.*

*Samuel S. Silverman* for the plaintiff.
No argument or brief for the defendant.

HELEN M. DAVIS vs. BEATY V. DAVIS (and a companion case [1]). November 5, 1968. The wife appeals from decrees granting a divorce to her husband on grounds of cruel and abusive treatment and dismissing her petition for separate support. The judge filed reports of material facts. We have subjected the evidence and findings of the judge to review. This has indicated to us that while the judge could have found for the wife on the libel for divorce he did not do so. We do not disturb findings made by the judge unless they are plainly wrong. *Whitney* v. *Whitney*, 325 Mass. 28. Without summary of the evidence or further treatment of the findings, it suffices to say that it was open to the judge to find that the acts of the wife constituted cruel and abusive treatment of her husband. See *Reed* v. *Reed*, 340 Mass. 321, and cases cited. No error appears. Nor do the circumstances disclosed by the record indicate error in the dismissal of the wife's petition for separate support. See *Coe* v. *Coe*, 313 Mass. 232. It follows that the wife's appeals from decrees dismissing petitions to vacate the decrees previously referred to are without merit.

*Decrees affirmed.*

*Frederick V. Long* for Helen M. Davis.
No argument or brief for Beaty V. Davis.

JOSEPH MULKERN, administrator, vs. EMMETT L. LAMBERT (and a companion case between the same parties). November 5, 1968. The defendant, operating his automobile according to his testimony at a speed of twenty to twenty-five miles an hour early on a wet morning in Boston on Atlantic Avenue where the lighting was poor, struck and hurled into the air the plaintiff's decedent whom he first saw running approximately five feet in front of his car. He excepts to denials of motions for directed verdicts in actions of tort for personal injuries and death. On all the evidence the jury could have found the defendant's speed unreasonable under existing conditions at the time of the accident. *Snow* v. *Nickerson*, 304 Mass. 63. *Mitchell* v. *Silverstein*, 320 Mass. 524. Nor does the evidence require a finding of contributory negligence, G. L. c. 231, § 85, on grounds of the pedestrian's lack of care or his mere failure to see the defendant's oncoming car. *Nicholson* v. *Babb*, 304 Mass. 216, 218–219, and cases cited. See *McGuiggan* v. *Atkinson*, 278 Mass. 264; *Ferguson* v. *Worth*, 326 Mass. 336.

*Exceptions overruled.*

*John B. Killilea* (*Richard K. Hadden* with him) for the defendant.
*Sumner Darman* for the plaintiff.

[1] Beaty V. Davis vs. Helen M. Davis.