WALTER HAYWOOD *vs.* MUNICIPAL COURT OF THE CITY OF BOSTON & others. June 7, 1971. The petitioner is a police officer for the city of Newton. On April 11, 1969, he was ordered by the chief of police of that city to perform 200 hours of punishment duty for neglect of duty in that he allegedly slept while on patrol April 1, 1969. After a hearing before the appointing authority on April 16, 1969, pursuant to G. L. c. 31, § 43(g), the chief's decision was affirmed. The petitioner then appealed to the Civil Service Commission (commission), and a hearing officer found that the appointing authority did not sustain the burden of proof of "showing that the employee was asleep" at the time charged. He concluded that "there was no just cause for the imposition of 200 hours of punishment duty upon the employee," and recommended that the punishment duty be cancelled. Upon report to the commission of these findings, the commission voted that the action of the appointing authority imposing the punishment duty was justified. Subsequently a judge of the Municipal Court of the City of Boston, acting under G. L. c. 31, § 45, affirmed the actions of the appointing authority and the commission. Upon a petition for a writ of certiorari, after hearing, a judge of the Superior Court found that the evidence was legally insufficient to justify finding that the petitioner was asleep on duty, and ordered judgment entered quashing the decision of the judge of the Municipal Court. The respondent appealed. This was error. We have recently made reference to *Sullivan* v. *Municipal Court of the Roxbury Dist.* 322 Mass. 566, 572–573, which, relative to scope of review in cases such as this, defined a review. It was there stated that a review is not a retrial and that it "does not import a reversal of the earlier decision honestly made upon evidence which appears to an unprejudiced mind sufficient to warrant the decision made" although two impartial minds might have reached different conclusions. See *Commissioners of Civil Serv.* v. *Municipal Court of the City of Boston*, *ante*, 211, 214, and *Selectmen of Dartmouth* v. *Third Dist. Court of Bristol*, *ante*, 400, 402. A review of the record here indicates that there was sufficient evidence to warrant the commission's reaching the result which it did. The order of the Superior Court for judgment quashing the decision of the Municipal Court is reversed, and judgment is to enter dismissing the petition for writ of certiorari.

*So ordered.*

*Charles K. Mone*, Assistant Attorney General, for the respondent.
*Bernard A. Dwork* for the petitioner.
*Harold Hestnes*, Special Assistant City Solicitor, for The Appointing Authority for Police of the City of Newton, amicus curiae, submitted a brief.