JAY ROBERTS, petitioner (and four companion cases[1]). June 5, 1972. On November 17, 1969, Roberts was awarded $27,230 by a jury in an action of tort against Aramies Hagopian. Execution issued in the sum of $32,215.89 on December 16, 1969, and was filed in court as satisfied in full on January 13, 1971. Roberts was represented by counsel during all stages of the proceedings. Subsequently, he brought a petition for a writ of review pursuant to G. L. c. 250, § 22, against Hagopian in which he alleged, in substance, that his counsel, although aware of the fact that he desired a new trial on the grounds that the damages were inadequate, permitted the case to go to judgment without his knowledge or consent. On the basis of these same facts, Roberts also brought three actions at law in tort and contract against his counsel. A judge of the Superior Court, after hearing, denied the petition for a writ of review and disallowed Roberts's bill of exceptions seeking a review of that denial. A petition to establish the truth of the bill of exceptions was then filed in the county court and, after hearing, was dismissed by the single justice. In the meantime, a second petition for a writ of review raising the same issues was denied by another judge of the Superior Court who allowed Roberts's substitute bill of exceptions. With respect to the actions against Roberts's former counsel, the judge sustained the demurrers to the declarations in two of the three cases and denied Roberts's motion to substitute parties and amend declarations. As to the third action against counsel, the judge allowed the defendants' motion to dismiss upon the ground that the writ and declaration in that case named no identifiable persons as defendants. Roberts by exceptions challenges the correctness of all of the above rulings. There was no error. In disallowing the bill of exceptions relating to the first petition for a writ of review, the judge found, among other things, that the bill was defective in form and "in instances . . . contrary to the truth." Since there is no evidence to rebut, explain or overcome this finding, it must be accepted. *Maguire, petitioner,* 340 Mass. 12, 14. *Magee, petitioner,* 350 Mass. 781. For this reason and because the bill was defective in form (*Bozarjian, petitioner,* 347 Mass. 783), there was no error in its disallowance. As to the bill of exceptions relating to the second

---

[1] The four companion cases were brought by Roberts against Aramies Hagopian; Louison and Louison; Melvin S. Louison; and Melvin S. Louison and another.

petition for a writ of review, we conclude that it establishes no error in the denial of the petition. The allowance of such a petition rests within the sound discretion of the judge. *Stillman* v. *Whittemore*, 165 Mass. 234. *Burt* v. *Hodsdon*, 242 Mass. 302. No abuse of that discretion appears on the record before us. The demurrers filed by the defendants were properly sustained for the reasons stated in *Singer* v. *Stanziani*, 354 Mass. 775. The denial of Roberts's motion to amend the writ and declaration rested in the discretion of the judge and no abuse of that discretion appears. *Concord Corp.* v. *Superior Court*, 337 Mass. 766. The allowance of the motion to dismiss in the third action against counsel was also correct, since the writ and declaration in effect named only a voluntary unincorporated association as defendant. *Tyler* v. *Boot & Shoe Wkrs. Union*, 285 Mass. 54, 55.

*Exceptions overruled in each case.*

*Jay Roberts*, pro se.

*Thomas D. Burns & William H. Clancy*, for Aramies Hagopian, submitted a brief.

*Leonard Louison & Melvin S. Louison*, pro se, submitted a brief.