JAY ROBERTS *vs.* MELVIN S. LOUISON & another. February 19, 1974.
This is an appeal (G. L. c. 231, § 96) by the plaintiff from an order of the Superior Court which sustained (without leave to move to amend) the defendants' demurrer to the plaintiff's amended declaration in an action of contract or tort which is a companion to the matters considered in *Roberts, petr.* 362 Mass. 856 (1972). We do not reach the merits.

Following the entry of the record on appeal the defendants moved in this court to dismiss the appeal on the ground that the underlying cause of action had been settled by an agreement of the parties which had been reached almost six months prior to the entry of the order sustaining the demurrer. A single justice of this court ascertained that the parties were unable to agree on any facts with respect to the alleged settlement, whereupon this court, acting by a panel of the justices, entered an order remanding the matter to the Superior Court for an evidentiary hearing on and a report of the material facts with respect to any such possible settlement. G. L. c. 231, § 124. G. L. c. 211A, § 10, inserted by St. 1972, c. 740, § 1. A justice of that court, after hearing, found and reported that the underlying cause had been settled and ruled that the plaintiff is barred from further prosecution of the present action by reason of his having executed and delivered to the attorney for the defendants, at the time alleged in the motion to dismiss, a valid release of the defendants from all claims and demands with respect to the underlying cause. The plaintiff has sought no review, timely or otherwise, of those actions of the Superior Court. Although we are at a loss to understand why the defendants failed to bring the settlement to the attention of the Superior Court, we are clear that the action must now be dismissed as moot. *Duncan* v. *Taaffe,* 339 Mass. 519 (1959). See also *Hubrite Informal Frocks, Inc.* v. *Kramer,* 297 Mass. 530, 532-535 (1937); *Vigoda* v. *Superintendent of Boston State Hosp.* 336 Mass. 724, 726-727 (1958); *Reilly* v. *School Comm. of Boston,* 362 Mass. 689, 695-696 (1972).

*So ordered.*

*Jay Roberts,* pro se.
*Walter J. Hurley* for the defendants.