COMMISSIONER OF REVENUE[1] & another *vs.* EMMA Y. LAWRENCE & another.[2]

Suffolk. September 14, 1979. — November 8, 1979.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, LIACOS, & ABRAMS, JJ.

*Civil Service. District Court,* Review respecting civil service. *Practice, Civil,* Extraordinary review.

Upon a petition under G. L. c. 31, § 45, as appearing in St. 1970, c. 711, a judge of a Municipal Court failed to apply the proper standards of judicial review in reversing as not supported by substantial evidence a decision by the Civil Service Commission affirming the discharge of a clerk in an executive department by the appointing authority by reason of two instances of insubordination and two instances of disrupting office decorum, as found in subsidiary findings by the commission's hearing officer accepted by the commission, which rejected other findings and the officer's recommendation as to disposition; upon complaint by the Commissioner of Revenue and the Civil Service Commission in the nature of certiorari, this court ordered the decision of the Municipal Court judge set aside and the decision of the Civil Service Commission affirmed. [208-212]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on April 25, 1977.

[1] Statute 1978, c. 514, established the Department of Revenue, which is the statutory successor to the Department of Corporations and Taxation. The public official responsible for this department is now known as the Commissioner of Revenue. G. L. c. 14, § 2, as appearing in St. 1978, c. 514, § 5.

[2] The Municipal Court of the City of Boston.

The case was reported by *Kaplan,* J.

*John F. Hurley,* Assistant Attorney General, for the plaintiffs.

*Warren H. Pyle* for Emma Y. Lawrence.

*Timothy J. Lane, Jr.,* Special Assistant Attorney General, for the Municipal Court of the City of Boston.

LIACOS, J.  The Commissioner of Revenue and the Commissioners of the Civil Service Commission brought a complaint in the nature of certiorari under G. L. c. 249, § 4, as appearing in St. 1973, c. 1114, § 289, seeking to quash a decision of a judge of the Municipal Court of the City of Boston regarding the discharge of defendant Emma Y. Lawrence from her position as a clerk in the Department of Corporations and Taxation (appointing authority).  The complaint alleges a judge of the Municipal Court erroneously reversed the determination of the Civil Service Commission (commission) that Lawrence had been discharged for just cause by the appointing authority.  A single justice of this court reserved and reported the case, without decision, for the determination of the full court.

We summarize the facts as disclosed by the record.  Lawrence began her career as a State employee in 1960.  The charges against her related exclusively to her employment as principal clerk in the bureau of excises of the Department of Corporations and Taxation, which commenced in the summer of 1973 and ended in January, 1975.  On February 14, 1975, a hearing was held before the appointing authority, in accordance with the provisions of G. L. c. 31, § 43 (a).[3]  The following reasons were given for the appointing authority's decision to discharge Lawrence: use of profane language to supervisors and other employees; insubordination; disrupt-

---

[3] Chapter 31 was recently rewritten. See St. 1978, c. 393. The provision for a hearing before the commission remains in c. 31, § 43.  Certain other provisions contained in the former c. 31, § 43, are now contained in c. 31, §§ 41 and 42.  Reference in this opinion will be to the former version of c. 31, § 43, which was in effect at the time of the hearings before the appointing authority and the commission.  The substance of the current version of the statute does not differ from that of the earlier statute.

ing office decorum, thereby impairing the orderly operation of the office; and substandard work performance.

Lawrence appealed the discharge to the commission pursuant to G. L. c. 31, § 43 (b), and on February 9, 1976, a hearing was conducted before a hearing officer designated by the commission as authorized by § 43 (b). Prior to the hearing, the appointing authority responded to Lawrence's request for specifications by setting forth a list of forty-seven alleged acts of misconduct. The list included thirteen instances of use of profane language, six instances of insubordination, seventeen instances of disrupting office decorum, and eleven categories of substandard work performance. On April 22, 1976, the hearing officer rendered her decision in which she determined that two instances of insubordination and two instances of disrupting office decorum had been proved. While finding that some evidence had been presented with respect to certain of the remaining charges, she determined that none of the remaining matters specified had been proved. The hearing officer's finding no. 41, in effect, contains a recommendation that the commission modify the action taken by the appointing authority and impose a suspension not to exceed three months. On May 12, 1976, the commission voted to adopt thirty-five of the hearing officer's findings and to reject six other findings on the basis that they represent conclusions rather than findings of fact.[4]

---

[4] In the six rejected findings, numbers 8, 22, 33, 39, 40 and 41, the hearing officer made statements to the effect that the department had or had not satisfied its burden of proof or that Lawrence was or was not guilty with regard to certain instances of alleged misconduct contained in the specifications. With respect to many of the findings of the hearing officer, it is not clear whether such findings reflect the hearing officer's assessment of the credibility of the witnesses or her application of various rules of law to the evidence presented. We note that the effectiveness of a court on review is seriously impaired where the hearing officer fails to make clearly distinguishable those findings which are based on the credibility of witnesses and those findings which are conclusions based on application of the law to subsidiary findings. The hearing officer's role in the legal process is an important one, and the drafting of findings must be undertaken with care and precision.

In response to the commission's suggestion in its brief that "[t]he hearings officer's report indicates that she erroneously believed that the ap-

The commission rejected the hearing officer's recommendation and affirmed the appointing authority's decision to terminate Lawrence's employment.

Lawrence then filed a petition for judicial review of the commission's decision in the Municipal Court of the City of Boston, pursuant to G. L. c. 31, § 45.[5] A judge of that court heard oral arguments from the parties on January 8, 1977. After reviewing the transcript of the evidence before the hearing officer, the judge ruled that the commission's action in affirming the appointing authority's discharge of Lawrence was not supported by substantial evidence. On March 11, 1977, the judge entered a judgment reversing the decision of the commission and ordered the reinstatement of Lawrence to her former position without loss of compensation.

The issue before us is whether the judge committed an error of law in dealing with the issues before him. In an action in the nature of certiorari brought under G. L. c. 249, § 4, we will correct only "substantial errors of law apparent on the record adversely affecting material rights." *Commissioners of Civil Serv.* v. *Municipal Court of the City of Boston*, 369 Mass. 84, 90 (1975), quoting from *Sullivan* v. *Committee on Rules of the House of Representatives*, 331 Mass. 135, 139 (1954). Specifically, the issue presented is whether the judge of the Municipal Court, in reversing the decision of the commission for lack of substantial evidence, exceeded his authority under G. L. c. 31, § 45, by failing to apply the proper standards of judicial review.[6] See *Com-*

pointing authority was required to present two witnesses as to any charge which the employee denied," we note that such corroboration is not required. However, we need not reach the question whether her report reflects this erroneous belief in light of our disposition of this matter.

[5] As previously indicated, c. 31 was recently rewritten. St. 1978, c. 393. The provisions for judicial review of the commission's decision are now set forth in G. L. c. 31, § 44. References in this opinion are to the statutory provisions of c. 31 as they existed at the time of the hearings before the commission and Municipal Court.

[6] See note 4, *supra*. General Laws c. 31, § 45, as appearing in St. 1970, c. 711, in pertinent part reads as follows: "The review shall be conducted

*missioners of Civil Serv.* v. *Municipal Court of the City of Boston, supra* at 86.

The essential nature of a proceeding initiated under § 45 is to provide for judicial review and not judicial retrial. *Commissioners of Civil Serv.* v. *Municipal Court of the City of Boston,* 369 Mass. 84, 87 (1975). See also *Commissioners of Civil Serv.* v. *Municipal Court of the City of Boston,* 359 Mass. 211, 214 (1971); *Sullivan* v. *Municipal Court of the Roxbury Dist.,* 322 Mass. 566 (1948).

The case of *Sullivan* v. *Municipal Court of the Roxbury Dist., supra,* sets forth the relevant considerations for the reviewing court under G. L. c. 31, § 45, where the commission rejects the conclusions of the hearing officer. In that case we said, "The 'disinterested person' . . . came to the conclusions that the petitioner's attitude and failure to cooperate with the other officers at the time of his arrest and while in custody were not conduct becoming an officer and should 'not go unnoticed for appropriate disciplinary action,' but that the petitioner was not guilty as specifically charged in the two specifications. The commissioners, however, were not bound by the ultimate conclusions of the 'disinterested person.' They could rest their own decision upon his subsidiary findings. The commissioners' action is their own and is not that of the 'disinterested person,' G. L. (Ter. Ed.) c. 31, § 43 (b), as appearing in St. 1945, c. 677, § 1." *Id.* at 575-576. See also *Haywood* v. *Municipal*

---

by the court and shall be confined to the record, except that in cases of alleged irregularities in procedure before the commission, not shown in the record, testimony thereon may be taken in the court.
   " . . . .

"The court may affirm the decision of the commission if it finds that the decision was justified or remand the matter for further proceedings before the commission; or the court may set aside and reverse the decision of the commission if it determines that such decision is — (a) in violation of constitutional provisions; or (b) in excess of the statutory authority or jurisdiction of the commission; or (c) based upon an error of law; or (d) made upon unlawful procedure; or (e) unsupported by substantial evidence; or (f) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law."

*Court of the City of Boston,* 359 Mass. 760 (1971), where the Commissioners' rejection of the hearing officer's conclusions was likewise upheld.

The commission may reject the conclusions of the hearing officer with respect to guilt or innocence on certain charges as well as the hearing officer's recommendation as to disposition, and may rest its own decision on the subsidiary findings, as long as its decision can be justified on the basis of the accepted findings. The judge below stated: "[I]f the hearing officer was able only to find sufficient credible evidence to sustain four of the forty-seven allegations[7] of misconduct that caused the appointing authority to discharge the petitioner, we can hardly say that the action of the Civil Service Commission was justified and that it was done upon adequate reasons, sufficiently supported by credible evidence, *Sullivan* v. *Municipal Court of the Roxbury District, supra,* at p. 573. Further, if we add to this the Commission's rejection of findings 8, 22, 33 and 40, it would appear that the members of the Commission found that none of the 47 allegations were sustained."

We do not view this conclusion by the judge as a valid analysis of the record. While the commission rejected finding no. 33[8] on the basis that it viewed that finding as a "conclusion" rather than as a finding of fact, it accepted subsidiary findings numbered 27, 28, 29, and 30,[9] on which the

---

[7] We share the judge's apparent concern over the lack of any evidence presented to the hearing officer on many of these forty-seven specifications. While the commission contends that the department was under no obligation to present evidence as to every incident referred to in the specifications and the purpose of listing the forty-seven allegations was "to provide the employee with notice of all the potential factual issues which might be raised in the hearing," we do not condone the practice of "throwing in the kitchen sink" in response to a motion for specifications. Such a practice clutters the record and causes the real issues to be unnecessarily obscured.

[8] "33. On the basis of the above findings, I find that Ms. Lawrence was guilty of the *eighth and twelfth acts,* specifically having arguments in the office with Ms. Ruby" (emphasis in original).

[9] "27. I find that as to the *eighth act — Argument,* on September 25, 1974, testimony was offered by Fay Ruby concerning an argument she had in the office that day with Ms. Lawrence [emphasis in original].

"28. I find that Ms. Lawrence did not offer testimony as to that argument.

hearing officer based finding no. 33. Likewise, while re-
jecting finding no. 22[10] on the basis that it viewed the find-
ing as a conclusion rather than as a finding of fact, the com-
mission accepted subsidiary findings numbered 13, 14, and
21,[11] on which finding no. 22 was based. On the basis of
the commission's acceptance of these subsidiary findings, it
could have concluded, as did the hearing officer, that Law-
rence was guilty of two counts of insubordination and two
counts of disrupting office decorum.[12]

We conclude that the judge of the Municipal Court com-
mitted error of law by failing to recognize that the commis-

---

"29. I find that as to the *twelfth act — Name calling, yelling, argu-
ment,* on September 19, 1974, testimony was offered by Fay Ruby con-
cerning an argument with Ms. Lawrence [emphasis in original].

"30. I find that Ms. Lawrence did not offer testimony as to that argu-
ment."

It is apparent that the commission's rejection of the "conclusion" in
finding no. 33 (see note 8, *supra*) relates to the statement that Lawrence
was "guilty." It is also clear that the hearing officer based her "conclu-
sion" on the findings in numbers 27-30, however inartfully phrased, that
the incidents described therein had occurred.

[10] "22. I therefore find that Ms. Lawrence was guilty of the second and
fifth alleged acts of insubordination."

[11] "13. As to the *second charge* of *insubordination* contained in the
specifications, I find that Ms. Lawrence did refuse to comply with the re-
quest of Harold Greene, Chief of the Bureau of Excise, to enter his office
on October 18, 1975 [emphasis in original]".

"14. I find that although Ms. Lawrence testified as to the alleged con-
duct of Mr. Greene several months prior to this incident, she did not file
any formal complaint with respect to this incident, and that Mr. Greene,
her supervisor, did have the right to request her presence in his office."

"21. As to the *fifth act of insubordination, refusing to work,* I find that
uncontradicted testimony was offered by Mr. Duros to the effect that Ms.
Lawrence did leave the office when she was informed by Mr. Duros on
September 5, 1974, that she was being transferred to Motor Carrier tax
work" (emphasis in original).

[12] In mentioning the possible conclusions that could be drawn from the
accepted subsidiary findings, we note that the State Administrative Proce-
dure Act, G. L. c. 30A, is inapplicable to Civil Service Commission pro-
ceedings. G. L. c. 30A, § 1 (2). See *School Comm. of Salem* v. *Civil
Serv. Comm'n,* 348 Mass. 696, 697-698 (1965). Therefore, the commis-
sion is not required by statute to support its decision with a statement of
reasons. See G. L. c. 30A, § 11 (8).

sion may base its decision on the subsidiary findings of the hearing officer, while at the same time rejecting her conclusions and recommendation as to disposition. Applying the correct standard of review to the commission's decision, we conclude that it was not "unsupported by substantial evidence." G. L. c. 31, § 45. There was ample evidence in the subsidiary findings of the hearing officer which were accepted by the commission to justify the discharge of Lawrence. We therefore remand the case to the county court, where a judgment is to be entered setting aside the decision of the judge of the Municipal Court and directing that the decision of the Civil Service Commission be affirmed.

*So ordered.*