RALPH CAMERLENGO *vs.* CIVIL SERVICE COMMISSION & others. January 7, 1981. The plaintiff's position was abolished by the Lynn Housing Authority, and the decision of the authority has been upheld by the Civil Service Commission, by a judge of the Boston Municipal Court, and by a single justice of this court, who dismissed an action in the nature of certiorari. We affirm the decision of the single justice on the grounds stated by him. 1. There was substantial evidence to support the commission's conclusion that the abolition of the position was justified under G. L. c. 31, § 43 (recodified by St. 1978, c. 393, § 11, in G. L. c. 31, § 41). *Cam-*

---

[1] Digital Equipment Corporation, trustee.

*bridge Hous. Auth.* v. *Civil Serv. Comm'n,* 7 Mass. App. Ct. 586, 588 (1979), and cases cited. 2. The authority could properly proceed anew after a previous effort had been invalidated as procedurally defective. See *Hill* v. *Trustees of Glenwood Cemetery,* 323 Mass. 388, 393-394 (1948), and cases cited. The commission could properly reject the conclusion of its hearing officer that the second effort was procedurally defective, and could rest its decision on the subsidiary findings of the hearing officer. *Commissioner of Revenue* v. *Lawrence,* 379 Mass. 205, 210-211 (1979). It was stipulated that the plaintiff received a timely notice in proper form of the hearing held by the authority on April 11, 1977, and he did not attend. The fact that part of his pay was temporarily withheld because of a dispute as to amount did not invalidate that hearing. 3. The plaintiff asserts that the judge of the Boston Municipal Court improperly rejected an offer of proof. He cites nothing in the record, and we hold that the point is not properly before us. Moreover, the claim apparently is that counsel for the commission told the plaintiff's counsel by telephone that the commission's decision was in error and would be corrected on reconsideration, but that the commission on reconsideration adhered to its decision. Participation by plaintiff's counsel in such an agreement, without participation by counsel for the authority, would of course have been quite improper.

*Judgment affirmed.*

*Michael A. Molloy* for the plaintiff.
*Betty E. Waxman,* Assistant Attorney General, for the defendants.