Lenhoff, J.
The plaintiffs seek Appellate Division determination of the Trial Court’s allowance of the defendants’ Motion for Partial Summary Judgment. Said allowance thereof resulted in the entry of judgment for the defendants on Count IV of the plaintiffs’ complaint.
*137 In Count IV, the plaintiffs sought recovery of multiple damages and counsel fees pursuant to the provisions of G.L. c. 93A. Same had incorporated therein as part thereof the allegations of Count I based on deceit: Count II setting forth breach of contract; and, Count III alleging breach of warranty.
In the case of Dwight v. Dwight, 371 Mass. 424, 426 (1976), the Supreme Judicial Court took judicial notice of its records. Regarding the records of these proceedings in the Trial Court, we do likewise take such notice. The docket entries made at the Trial Court level are always transmitted with all accompanying pertinent papers to this Division and same, in this case, have been examined and reviewed. We note therein entries made necessitating clarification to enable this Body to render a proper decision.In said docket,we find the following general unexplained entries: (1) “Findings of Fact;” and (2) “Judgment after trial.” Upon request to the Trial Court, this tribunal has been supplied with copies of such “Findings” and “Judgment” together with copies of the Complaint, Answer and Appeal. The “Judgment after trial” entry should have been entered by setting forth the following verbiage:- “Judgment for the Defendants on Count I, II and III of the Plaintiffs’ complaint, Murphy, J.” Had the foregoing entry of judgment been made as aforestated, our assigned task could have been performed with greater dispatch, expedition and efficiency. As originally made, such entry fails properly to disclose the actual ultimate disposition of the Trial Court.
We trust that the Trial Court will correct its docket to reflect the above outlined correction. Further it is our fervent hope that all Trial Courts will endeavor to make future entries correctly in a cooperative effort to better serve the District Court Department. To rectify the existing docket here concerned, reference is made to the case of Green v. Clerk of Municipal Court, 321 Mass. 487, 491 (1974), wherein we find that it is declared that Courts possess inherent and necessary power “to correct errors and remedy omissions in [their] records in order that they shall speak the truth.”
Having now the accurate information before us that after a trial, judgment was entered for the Defendants on Count I (deceit), Count II, .(breach of contract), and Count III (breach of express warranty), we must decide whether such judgment so entered is dispositive of the entire case.
The reading of the entire complaint reveals that Counts I, II and III therein consisted of paragraphs 1 to 15, inclusive. Count IV thereof seeking relief as per the provisions of G.L. C.93A, incorporates said paragraphs 1 to 15, inclusive of said three prior counts as the basis thereof.
Therefore, the underlying cause, or claim of Count IV (G.L. c.93) has been fully and completely adjudicated. In addition, there are absolutely no proceedings, pending or outstanding, seeking to review or set aside the entered judgment for the defendants on Counts I, II or III of the plaintiffs’ complaint.
Consequently, the claim of the plaintiffs that they are aggrieved by the Trial Court’s allowance of the Motion for Partial Summary Judgment has no present merit and our determination is of no moment concerning a matter with no existing legal viability or vitality. The issue raised is moot. See Roberts v. Louison, et al., 1 Mass. App. Ct. 873 (1974)
In view of the above, the Report be and is hereby dismissed.