Coven, J.
This is an action in negligence in which the trial court found defendants Beta Upsilon of Beta Theta Pi (“Beta Upsilon”) and individual defendant James Meneghini (“Meneghini”) jointly liable for injuries sustained by the plaintiff. Meneghini retransferred the case against him to the Superior Court pursuant to G.L.c. 231, §102C, and Beta Upsilon filed the present Dist./Mun. Cts. R. A. D. A., Rule 8C appeal to this Division.
Plaintiff Nicole Sitrin (“Sitrin”) brought suit against defendants Meneghini, a fraternity pledge; Beta Theta Pi, the national fraternity; appellant Beta Upsilon. the local fraternity chapter: and Beta Upsilon Association, a corporate entity doing business with the local chapter. Sitrin alleged that she was injured as a result of the defendants’ negligence in an incident which occurred in the early morning hours of December 1,1990.
On the evening of November 30, 1990, Sitrin, a student at M.I.T., and four friends attended a Christmas formal sponsored by her sorority.[2] Sitrin and her friends had prearranged blind dates with five members of Beta Upsilon. Meneghini was matched with one of the women as a date. The women met their dates at the fraternity house and spent about an hour with them there before attending the formal. Sitrin and her friends had brought a twelve-pack of beer with them, and Meneghini drank one regular sized beer before the group proceeded to the dance.
Upon leaving the formal shortly after midnight, four of the women and their dates, including Sitrin, returned to the fraternity house where they remained in a fourth floor lounge from 1:30 A.M. to 3:30 or 4:00 A.M. Meneghini consumed no alcohol either at *149 the formal, or while in the lounge.
At approximately 4:00 A.M., Meneghini accompanied the women to the front door of the fraternity house to wait with them for the arrival of their cab. While waiting, Meneghini attempted to roll an empty twenty-six ounce Foster’s beer can onto a hockey stick and lift it off the floor so that he could catch it. He attempted to do this twice, unsuccessfully, for a period of about thirty seconds. On Meneghini’s third attempt, the can flew across the room and struck Sitrin in the head.
Another fraternity pledge, David Frye, was watching television in an adjoining recreation area at the time. He did not make an attempt to stop Meneghini because he did not think that the activity was dangerous. Meneghini was standing approximately fifteen feet away from Sitrin when he was playing with the hockey stick, and the beer can moved only a couple of feet away from Meneghini on his first two attempts to lift it. There were also other fraternity members in the area at the time in question. No fraternity members, other than Meneghini, were named as defendants in this law suit.
After being struck in the head, Sitrin was in pain, sat on the front steps on the advice of her friends until the cab arrived, and was then helped into the cab by her friends. Sitrin alleged that in consequence of the injury, she suffered problems with dizziness, headaches, concentration and pain in her left eye. She further alleged that these problems prevented her from taking her final examinations in December, 1990, forcing her to take “incompletes” and to make up the classes, to pay for an additional semester at M.I.T. and ultimately to graduate six months later than she had planned.
The trial judge found that both Beta Upsilon, an unincorporated voluntary association, and Meneghini owed a duty of care to protect Sitrin from injury, and that Meneghini’s actions constituted gross negligence.[3] The court also entered judgment for defendants Beta Theta Pi and Beta Upsilon Association on the grounds that they did not owe a duty of care to Sitrin.
As no issue has been raised on this appeal as to whether Beta Upsilon was properly made a party defendant to this action,[4] we confine our analysis to the question of the *150 association’s liability in tort.
In entering judgment against Beta Upsilon, an unincorporated voluntary association, the trial judge held all members of the fraternity collectively liable in negligence for the plaintiff’s injuries. Membership in an unincorporated voluntary association, however, cannot alone impose liability on all members of that association for the actions of a single member which occurred without their knowledge or approval. Nor can liability be inferred from such membership. Malloy v. Carroll, 287 Mass. 376, 391 (1934); Sweetman v. Barrows, 263 Mass. 349, 355 (1928). See also Barry v. Covich, 332 Mass. 338, 344 (1955).
The record indicates only that Frye witnessed Meneghini’s actions, and that other fraternity members were in the recreation area at the time. There is no evidence either that Frye paid much attention to Meneghini or encouraged him to play with the hockey stick, or that other members in the area were even aware that such activity was taking place. More significantly, even if Frye and those fraternity members who were present could in some way be held liable for Sitrin’s injuries, their negligence could not be imputed to the entire fraternity. There is not even a suggestion herein that the fraternity members as a group even knew, much less approved, of Meneghini’s activities. A member of a voluntary association should not be subject to damages caused by the actions of another member where he did not participate in any of the wrongful actions and cannot be shown to have known of, or assented to, the commission of those acts. Malloy v. Carroll, supra at 391: Quinton’s Market v. Patterson, 303 Mass. 315, 320-321 (1939).[5]
Beta Upsilon’s requests for rulings numbers 3 and 5 stated:
3. There is insufficient evidence to warrant a finding that the members of Beta Upsilon of Beta Theta Pi at the time of the plaintiff’s alleged injury breached their duty to exercise reasonable care under all the circumstances to protect the plaintiff from injury while on the premises.
5. The evidence does not warrant a finding for the plaintiff, Nicole Sitrin, and therefore, a finding for the defendant, Beta Upsilon of Beta Theta Pi, is required as a matter of law.
As there is no evidence upon which the members of Beta Upsilon could have been held collectively liable, requests numbers 3 and 5 should have been allowed, and a finding for Beta Upsilon should have been entered as a matter of law. The denial of requests numbers 3 and 5 constituted reversible error.
Accordingly, the judgment is reversed, and judgment for defendant Beta Upsilon is to be entered.
So ordered.

 The trial judge found that Sitrin was present at the fraternity house to attend a social gathering sponsored by the members of Beta Upsilon. As noted, however, the Christmas formal was actually sponsored by Sitrin’s sorority; neither the blind dates, nor the activities before and after the dance, were arranged by Beta Upsilon.

 Gross negligence is substantially more serious than ordinary negligence, entailing “a heedless and palpable violation of legal duty respecting the rights of others.” Altman v. Aronson, 231 Mass. 588, 591 (1919). It is unnecessary to address the court’s finding herein of gross rather than ordinary negligence. We note merely that the trial judge was not required to make a finding of gross negligence in order to impose liability for injuries sustained by a social guest. Mounsey v. Ellard, 363 Mass. 693, 707 (1973), marked the end of any distinction between a business invitee and a social guest with respect to the duty of care owed to each. An occupier of land is obligated to exercise reasonable care with respect to all lawful visitors. Id. See, as to prior law, Aragona v. Parrella, 325 Mass. 583, 586-587 (1950).

 We note that defendant Beta Upsilon was properly before the court as a defendant in this action only because it made no objection by motion to dismiss or other proper motion. Generally, an unincorporated voluntary association cannot be named as a party to litigation. Save the Bay, Inc. v. Department of Public Utilities, 366 Mass. 667, 675 (1975); Harvard Square Defense Fund, Inc. v. Planning Board of Cambridge, 27 Mass. App. Ct. 491, 496 n.9 (1989). But see DiLuzio v. United Elec., Radio & Mach. Workers of America, 386 Mass. 314, 318-319 (1982) (changing common law rule as to labor unions only). Prior to the promulgation of the Rules of Civil Procedure in Massachusetts, an unincorporated voluntary association could not be sued unless the members were named individually as defendants. Spector v. Loreck, 342 Mass. 685, 687-688 (1961); Maguire v. Reough, 238 Mass. 98, 100 (1921), and a suit was properly dismissed if all members were not so named. In Re Roberts, 362 Mass. 856, 857 (1972); Tyler v. Boot & Shoe Workers Union, 285 Mass. 54, 55-56 (1933). Rule 23.2 of the Mass. R. Civ. P., which permits actions against unincorporated associations to be brought against certain named members as representative parties, was not applicable in district court actions at the time this suit was commenced. Further, even if Rule 23.2 had been applicable, the plaintiff failed to satisfy the requirement of naming individual members who fairly and adequately represented the interests of the association. See Massachusetts v. Propac-Mass., Inc., 420 Mass. 39, 43-44 (1995); Cheever v. Graves, 32 Mass. App. Ct. 601, 604-605 (1992). It should be noted that Mass. R. Civ. P. 23.2 became applicable to district court actions on July 1,1996.

 The RESTATEMENT OF TORTS §386 makes clear that “[a]s a general rule there is no duty to control the conduct of a third person so as to prevent him from causing physical harm to another unless a special relationship exists (e.g. parent-child) between the actor and the third person which imposes a duty to control the third person’s conduct, or unless there exists a special relation between the actor and the victim which gives to the victim a right of protection.”