Quinlan, J.
Pursuant to Cambridge City Code 10.16.080B,[2] the plaintiff, City of Cambridge, brought this enforcement action on behalf of its Interim Parking Control Committee (“IPCC”) and its License Commission. The plaintiff seeks to enforce the decision that defendants Dillon and O’Driscoll were illegally operating an open air commercial parking facility at 30 and 30R Cambridge Park Drive, Cambridge, Massachusetts (“Cambridge Park Drive Property"). The plaintiff seeks (1) an injunction disabling the defendants from operating what the IPCC deemed an illegal commercial parking facility and (2) an order that each defendant must pay the $25,000.00 fine levied against him by the IPCC. The defendants seek to avoid enforcement of the order by challenging its validity.
BACKGROUND
The administrative record reveals the following facts. From 1976 through 1989, the Cambridge Park Drive Property, a single-story concrete block structure with 200-250 parking spaces, was owned and occupied by IB Moore Company (“IB Moore”). During that time, TB Moore used no more than 20% of the parking spaces on the property for its own employees, customers, clients, and/or guests. The remaining parking spaces were leased to neighboring businesses such as nightclubs, restaurants, and office buildings. In 1997, IB Moore conveyed the property to Cambridge Park Company, LLC. In 1999, the structure on the property was demolished. In 2000, a Special Permit was granted by the Cambridge Planning Board for the construction of a residential apartment building.
From April 1996 through October 1996, the defendants operated the Cambridge Park Drive Property as an open air commercial parking facility whereby individuals and Bertucci’s Restaurant were charged for parking spaces and, according to the defendant’s testimony, storage space as well. During that time, defendant Dillon, a real estate broker, was involved with the property and defendant O’Driscoll was the property manager.
Chapter 10.16 of the Cambridge City Code, entitled “Parking Freeze,” requires operators of controlled parking facilities to obtain permits from the IPCC. Sometime in 1996, the IPCC alleged that the defendants were illegally operating an open air controlled parking facility on the Cambridge Park Drive Property because they failed to apply for and receive a controlled parking facility permit. On September 25, 1996, October 23, 1996, the IPCC held public hearings to address the allegations. Notice was duly issued to the defendants who appeared at both hearings. In its decision dated October 28, 1996, the IPCC found that from at least April 1, 1996 through October 23, 1996 at least 103 parking spaces were illegally operated at the site. Fines of $25,000.00 were imposed on each defendant.
Further hearings were held on May 14, 1997 and June 25, 1997 to allow the defendants to present additional evidence and address issues concerning the historical usage of the site. The defendants contended that they were not subject to the Cambridge Parking Freeze Ordinance because (1) the facility was used primarily for storage space, and (2) even if it was operating an open air controlled parking facility, the property was historically exempt from the ordinance. Following those hearings, the IPCC declined to change its order of October 28, 1996.
On November 27, 1996, the defendants filed an action pursuant to G.L.c. 30A sub nom Dillon et al. v. Edward McNulty, Member, et al., Middlesex Docket #96-06824 challenging the administrative decision of the Cambridge Licensing Commission. On May 2, 1997, the defendants’ Motion to Dismiss that action was allowed by the court (Gershengorn, J.) and judgment entered accordingly. The basis of the motion had been that the IPCC was not an agency and its decisions and orders were not subject to judicial review under G.L.c. 30A.
The plaintiff City of Cambridge brought this action to enforce the orders of the IPCC on January 10, 1997. On or about February 14, 1997, the parties entered into a stipulation which provided that the defendants “shall not permit the general public to park at the property at 30 and 30R Cambridge Park Drive, Cambridge, for a fee unless and until they obtain permits or other relief as required by Chapter 10.16 of the Cambridge Code of Ordinances and Chapter 121 of the Acts of 1930.”
Based upon its investigation of the use of premises at 30 Cambridge Park Drive, the City of Cambridge Licensing Commission held a hearing at which it found the defendants were charging for parking on those premises and ordered the defendants to cease and desist such use.
*210 DISCUSSION
The preliminary issue to be resolved is whether, as of the filing of this action, the decision of the IPCC had become final. The defendants unsuccessfully sought review pursuant to G.L.c. 30A. G.L.c. 249, §4 was the appropriate vehicle for review of the decision of the IPCC. Section 4 provides in pertinent part:
A civil action in the nature of certiorari to correct errors in proceedings which are not according to the course of the common law, which proceedings are not otherwise reviewable by motion or by appeal, may be brought in the . . . superior court. Such action shall be commenced within sixty (60) days next after the proceeding complained of . . . The court may at any time after the commencement of the action issue an injunction and order the record of the proceedings complained of brought before it. The court may enter a judgment quashing or affirming such proceeding or such other judgment as justice may require.
Such an action lies to substantial errors of law apparent in the record which have adversely affected a plaintiffs rights. “In an action in the nature of certiorari brought under G.L.c. 249, §4, ‘[a] court will correct only a substantial error of law, evidenced by the record, which adversely affects a material right of the plaintiff ... In its review, the court may rectify only those errors of law which have resulted in manifest injustice to the plaintiff or which have adversely affected the real interests of the general public’ . . .” Massachusetts Bay Transp. Authority v. Auditor of Com., 430 Mass. 783, 791 (2000), citing Carney v. Springfield, 403 Mass. 604, 605 (1988); Gloucester v. Civil Service Comm’n, 408 Mass. 292, 297 (1990); and Commissioner of Revenue v. Lawrence, 379 Mass. 205, 208 (1979).
The defendants’ arguments in opposition to enforcement rest on the statutory interpretation of Cambridge City Code 10.16 which they claim has been erroneously applied. Such a claim is the type of claim which could have been addressed in a complaint in the nature of certiorari under G.L.c. 249, §4. Relief in the nature of certiorari was not sought within the sixty (60) day period mandated by the statute. The defendants’ claimed errors by the IPCC are therefore time-barred. See Rosenfeld v. Board of Health of Chilmark, 27 Mass.App.Ct. 621 (1989); McLellan v. Commissioner of Correction, 29 Mass.App.Ct. 933 (1990).
Order
Based upon the foregoing, the court orders that judgment enter for the plaintiff as follows:
1. The decision and orders of the Interim Parking Control Commission dated October 28, 1996 are hereby affirmed;
2. The defendants shall comply with the stipulation concerning the use of the premises dated February 24, 1997; and
3. The defendants shall each pay the fine imposed in the order of October 28, 1996.

 This ordinance requires the City of Cambridge to bring an enforcement action against one who fails to comply with an administrative order to eliminate parking spaces if the City wishes to issue new permits for parking spaces.