WILLIAM L. PUSHOR, Executor, In Equity,

*vs.*

EVA M. HILTON et als.

Somerset.    Opinion November 23, 1923.

*The members of a voluntary unincorporated association, if the identity of the persons can be determined, may take by will the legal title in trust to a devise and bequest, the association itself being the beneficiary.*

In the instant case the Lodge being a voluntary unincorporated association at the time the will took effect, the legal title passed to those members who constituted the Lodge at that time, because the name of a devisee or legatee need not be given.  If the identity of the person or persons can be ascertained, as it admittedly can be in this case by the records of the Lodge, that is sufficient.

But the devise and bequest were not intended to those members in their individual capacity as their own property, but in trust, with the legal title in the members as the first trustees, to continue in their successors, and the Lodge itself as the beneficiary.

On report on agreed statement.    A bill in equity seeking the construction of the residuary clause in the will of Sarah M. Roberts, late of Pittsfield.    The Corinthian Lodge of Free and Accepted Masons, Lodge No. 95, of Hartland, Maine, a voluntary unincorporated association, was made the residuary devisee and legatee under the residuary clause in said will.    The heirs contended that an unincorporated association cannot take a devise or bequest unless it is a charitable association, while counsel for the Lodge contended that the devise and bequest were good whether the Lodge was a charitable association or not.    The cause by agreement of the parties was reported to the Law Court upon bill, answers, replications, and so much of the agreed statement of facts as was admissible as proof for hearing and decision.    Bill sustained.    Plaintiff's taxable costs and reasonable counsel fees of plaintiff and defendants to be allowed by the sitting Justice and paid from the estate.    Decree in accordance with opinion.

The case is fully stated in the opinion.

*J. W. Manson*, for plaintiff.

*William B. Pierce*, for George L. Hilton, *Harry R. Coolidge*, for the other heirs, *Gower & Shumway*, for Corinthian Lodge of Free and Accepted Masons, No. 95, of Hartland, Maine.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.

CORNISH, C. J. This is a bill in equity asking for the construction of the will of Sarah M. Roberts, late of Pittsfield, deceased. After providing for the payment of all debts, funeral charges and expenses of administration, the testatrix made a bequest of $50.00 to each of her three brothers, and then disposed of the residuum as follows: "Fourth: I give, devise and bequeath, to the Corinthian Lodge of Free and Accepted Masons, Lodge No. 95, of Hartland, Maine, all the rest, residue and remainder of the estate of which I may die seized and possessed, wherever the same may be situated and of whatever the same may consist, whether real, personal or mixed. And it is my will that no conditions be imposed upon the Lodge in taking the above property except that it shall be applied for the benefit of Corinthian Lodge only. To have and to hold unto the Corinthian Lodge of Free and Accepted Masons, their successors and assigns forever.

The will was executed on August 16, 1915. Mrs. Roberts died on November 5, 1919, and her will was duly proved and allowed on January 20, 1920. It appears from the agreed statement of facts that Levi Roberts, the husband of the testatrix who had predeceased her, was a member of Corinthian Lodge. At the time of his decease they had one son who died without issue before his mother, so that at the time of making the will, and at her decease, Mrs. Roberts had neither husband nor child but only collateral relatives.

Corinthian Lodge during the membership of Levi, at the time of Mrs. Roberts' death, and continuously thereafter until its incorporation on June 21, 1920, was a voluntary unincorporated association, having a definite membership capable of being determined from its records at any given time, but changing somewhat from year to year by reason of loss of old and initiation of new members. It was chartered by the Grand Lodge of Free and Accepted Masons of the State of Maine on May 5, 1859, and like all other Masonic Lodges it was

duly organized by the choice of officers, was governed by a code of by-laws and by the constitution, laws and edicts of the Grand Lodge, held regular meetings and kept records thereof.

Such being the nature of the association the court is asked to determine the validity of the devise of real estate of the appraised value of $1,400.00 and the bequest of personal property of the appraised value of $4,736.25, or a total of $6,136.25, subject to the payment of debts amounting to less than $500.00.

Some points immaterial to this decision may be eliminated at the outset in order to focalize the issue which is whether this testamentary gift under the terms of this particular will is valid, the Corinthian Lodge being then a voluntary unincorporated association.

The fact that the Lodge was duly incorporated seven months after the death of Mrs. Roberts does not affect the question. The devise and bequest spoke as of the time of her decease and the legal and equitable rights of devisees or beneficiaries must be determined as of that date. Nor is the question of whether a Masonic Lodge is a charitable organization so as to validate bequests under the statute of 43 Elizabeth relating to charitable uses to be discussed. This court held in *Bangor* v. *Rising Virtue Lodge,* 73 Maine, 428, that a Masonic Lodge is not a charitable or benevolent institution so as to be exempt from taxation under R. S. (1871), Chap. 6, Sec. 6. That decision went no further, and it is unnecessary to consider the question under our view of the present case.

Nor need we consider the question whether a devise or bequest directly to a voluntary association can be upheld, a question upon which there is a divergence of views and a conflict of authority, the Supreme Court of Oregon going so far as to declare: "There is not a solitary reason for the holding of some Courts that gifts to nonincorporated associations are invalid except blind adherence to outworn precedents." *Hartman* v. *Pendleton,* 96 Or., 503. Unincorporated associations are recognized by statute in this State, R. S., Chap. 87, Sec. 29, and they have acquired a somewhat enlarged status since the decision of the United States Supreme Court in *United Mine Workers of America* v. *Coronado Coal Co.,* U. S. Sup. Court, decided June 5, 1922.

Coming now to the true construction of the terms of this will, the intention of the testatrix is apparent. Having no immediate family she was desirous of making the Masonic Lodge of which her deceased

husband had been a member the recipient of her bounty. That intention is clearly expressed and, as we think, in language legally effective, both as to real estate and personal property.

The first sentence in item four specifies the Lodge as the devisee and legatee, and the Lodge being unincorporated it follows that the gift was to those members who constituted the Lodge at the time the will took effect. It is familiar law that the name of a devisee or legatee need not be given. If the identity of the person can be ascertained then extrinsic evidence can be introduced to establish the fact. A bequest to the children of A is as valid as to the several children, specifying them by name. That is certain which can be rendered certain. *Bartlett* v. *King*, 12 Mass., 537. If the members of an association are definite, a deed to the association will be upheld as a conveyance to the members calling themselves by the association name, *Beaman* v. *Whitney*, 20 Maine, 413; *Byam* v. *Bickford*, 140 Mass., 31; The Golden Rod, 197 Fed., 837.

This principle applies here. As appears from the agreed statement, this voluntary association "had a definite membership capable of being determined from its records." There was no vagueness nor uncertainty about the matter. The men who called themselves by the name of Corinthian Lodge were accurately ascertainable from the records, so that a conveyance to the Lodge was the same as a conveyance to those members by their individual name who constituted the Lodge.

But it is also evident from the terms of the will that the devise and bequest were not intended to them in their individual capacity, thereby giving the residuum to these particular individuals as their own property. That would defeat the very purpose of the testatrix and of the will. That purpose was to create a trust, with the legal title in the then members as the first trustees and the Lodge itself as the beneficiary, to receive the benefits therefrom. After conveying the title in the first sentence of item 4, the second sentence disclosing the trust reads: "And it is my will that no conditions be imposed upon the Lodge in taking the above property, except that it shall be applied for the benefit of the Corinthian Lodge only." The idea of imposing conditions upon the taking presupposes some person or persons empowered to impose such conditions, and the person or persons so empowered would naturally mean those holding the legal title as trustees. The purpose of the testatrix was that the property should

be applied for the benefit of the Lodge only, not for individual benefit, nor for objects apart from the Lodge, but the Lodge should be the sole beneficiary. It is much the same as if the devise and bequest had been to John Doe and Richard Roe as trustees with the provisions that the Corinthian Lodge should be the sole beneficiary. This obviously would have been valid, and as we construe the will the method adopted, although somewhat less direct, is also valid. The final clause emphazises this view. It says: "To have and to hold unto the said Corinthian Lodge of Free and Accepted Masons, their successors and assigns." This is in the nature of an habendum to the grant to the trustees, and recognizing the fact that changes must take place from time to time in the personnel of the trustees under the first clause, provides that successors may act. This perhaps was unnecessary because equity does not allow a trust to perish for want of a trustee, either at the inception or during the execution of the trust.

Our answer to the questions propounded by the executor therefore is that clause four of the will of Sarah M. Roberts is valid both as to the devise of real estate and bequest of personal property as a gift in trust, although strictly speaking the plaintiff as executor has only to do with personal property and not with the real estate.

> *Bill sustained.*
> *Plaintiff's taxable costs, and reasonable counsel fees of plaintiff and defendants to be allowed by the sitting Justice and paid from the estate.*
> *Decree in accordance with opinion.*