GEORGE E. MCCORMACK & others *vs.* LABOR RELATIONS COMMISSION; AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL–CIO, intervener.

Suffolk.  November 3, 1970. — February 10, 1971.

Present: TAURO, C.J., SPALDING, REARDON, & QUIRICO, JJ.

*Practice, Civil,* Parties.  *Voluntary Association.*

In a proceeding in which a final decree ordered the respondent Labor Relations Commission to certify a certain labor union as the exclusive bargaining agent of a group of maintenance employees of the Department of Public Works, from which the respondent did not appeal, a voluntary, unincorporated association, permitted to intervene and merely describing itself in its intervention petition as "an employee organization pursuant to" G. L. c. 149, § 178G, having "a substantial interest in the subject matter" of the proceeding, was not a proper party to the case and had no standing to appeal from the final decree, and the appeal was ordered dismissed.

PETITION for a writ of certiorari filed in the Supreme Judicial Court for the county of Suffolk on September 12, 1968.

Upon transfer to the Superior Court, the case was heard by *Hudson, Taveira,* and *Hennessey,* JJ.

*Augustus J. Camelio* for the intervener, American Federation of State, County, and Municipal Employees, AFL–CIO.

*Warren H. Pyle* for the petitioners.

SPALDING, J.  This is an appeal by the intervener from a final decree of a three-judge Superior Court panel (see G. L. c. 212, § 30, inserted by St. 1959, c. 600) ordering the respondent, the Labor Relations Commission (Commission), to certify a voluntary association represented by the petitioners, Massachusetts Public Employees, Local 384, Service Employees International Union, AFL–CIO (Local 384), as the exclusive bargaining agent for all employees of the

Department of Public Works of the Commonwealth in the classification Unit No. 5 — Maintenance.

We summarize the relevant facts. In March, 1968, the Commission supervised an election to determine which labor organization should represent a group of maintenance employees of the Department of Public Works. The intervener and Local 384 received the most votes, another union finishing third. Since neither received a majority, a runoff election was held in May, 1968.

The results were:

|            |     |
|------------|-----|
| Local 384  | 668 |
| Intervener | 644 |
| Challenged | 21  |
| Blank      | 38  |
| Void       | 13  |
| Protested  | 1   |

A recount left the results substantially unchanged. The Commission, in a 2–1 decision, decided to hold another runoff election on motion of the intervener. Before this election could be held the petitioners brought this petition for a writ of certiorari and obtained an interlocutory decree granting a preliminary injunction enjoining the rerun of the runoff election and ordering the Commission to adjudge the validity of the protested, blank, void and challenged votes of the May, 1968, runoff election. This second recount left the result still substantially unchanged and the Commission again rendered another 2–1 decision that neither organization had received a majority.

The petition was then heard on its merits. The intervener filed its second demurrer. The court overruled the demurrer and issued a final decree ordering the Commission to certify Local 384 as the exclusive bargaining agent for the employees Unit No. 5 — Maintenance. The Commission complied with this order, and has not appealed from the final decree.

The intervener filed a letter with the clerk on February 18, 1969, purporting to appeal from the final decree. The petitioners made a motion to dismiss the appeal based on a

number of grounds. This motion was denied after hearing, and petitioners appeal.

Each side raises a number of issues, but in the view we take of this case we find it necessary to discuss only one. We assume without deciding that certiorari was an appropriate remedy. And we also assume that the matter was properly heard by a three-judge panel under G. L. c. 212, § 30. We are of opinion, nevertheless, that the appeal must be dismissed and accordingly the certification of Local 384 by the Commission must stand. We reach this conclusion because we believe that the appeal should have been dismissed on at least one ground set forth by the petitioners in their motion to dismiss, i.e., "Intervenor is a voluntary, unincorporated association and lacks capacity to be a party to litigation or to appeal, particularly in the absence of any appeal by the . . . [respondent]." General Laws c. 249, § 4, as amended through St. 1963, c. 661, § 1, provides, in relevant part, as follows with respect to a petition for a writ of certiorari: "Where a petition is brought against a body or officer exercising judicial or quasi-judicial functions to prevent the body or officer from proceeding in favor of another party, or is brought with relation to proceedings already taken, such other party may be joined as a party respondent by the petitioner or on motion of the respondent, or by petition to intervene. Such other party may file a separate answer or adopt the pleadings or return of the body or officer. Thereafter a final order in favor of the petitioner shall be directed against said body or officer and against said other party, each of whom shall have a right of appeal under section one D of chapter two hundred and thirteen."

Before the passage of this statute the only respondent in a petition for a writ of certiorari was the tribunal whose action was to be examined; "No other party . . . [could] be a respondent in the case, or file an answer or demurrer." *Worcester & Nashua R.R.* v. *Railroad Commrs.* 118 Mass. 561, 564. *Farrell* v. *Mayor of Revere*, 306 Mass. 221, 225. While the statute permits an intervention, we are of opinion that it in no way changes the rules of pleading in this regard.

"There is no such entity known to the law as an unincorporated association." *Pickett* v. *Walsh*, 192 Mass. 572, 589. "An unincorporated voluntary association is not a separate entity and cannot be made a party defendant. . . . The proper method of effecting . . . [this], the members of the union being too numerous to be all joined, is to join as parties defendant such individuals as are alleged to be and are fairly representative of the 'class' composed of all the members." *Donahue* v. *Kenney*, 327 Mass. 409, 412. See *Hansen* v. *Commonwealth*, 344 Mass. 214, 220. This principle is equally applicable to intervention.

No attempt to follow these pleading requirements was made by the intervener in this case. In its petition to intervene it described itself as the "American Federation of State, County and Municipal Employees and Its Appropriate Affiliates, AFL–CIO, an employee organization pursuant to General Laws Chapter 149, Section 178G . . . [and alleged that it had] a substantial interest in the subject matter of this action." We are of opinion that the allegations of the petition to intervene were insufficient to make the intervener a proper party to the case within the principles discussed above.[1] It, therefore, had no standing to appeal.

We might also add that although G. L. c. 249, § 4, provides explicitly that an intervener "may file a separate answer or adopt the pleadings or return of the body or officer [respondent]," the intervener here filed no answer of its own and did not adopt the answer of the Commission. Even apart from the procedural matters discussed above, we are of opinion that on the merits the decision reached by the court below was correct.

The petitioners' motion to dismiss the intervener's appeal should have been granted and the entry must be: intervener's appeal dismissed.

*So ordered.*

---

[1] The petition to intervene was allowed by only one judge. We do not decide whether in a proceeding before a three-judge panel intervention may be allowed by one judge.