ANITA FAYE DiLUZIO vs. UNITED ELECTRICAL, RADIO AND
MACHINE WORKERS OF AMERICA, LOCAL 274 & another.[1]

Franklin. February 4, 1982. — May 20, 1982.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

Practice, Civil, Parties. Voluntary Association, Labor union. Labor,
Action against labor union.

A labor union, although an unincorporated voluntary association, is a
legal entity for purposes of suing or being sued. [318-319]

CIVIL ACTION commenced in the Superior Court Department on November 17, 1980.

A motion to dismiss was heard by Simons, J.

The Supreme Judicial Court granted a request for direct appellate review.

Dannie B. Fogelman for the plaintiff.

Leonard D. Polletta, of New York, for the defendants.

ABRAMS, J. We consider whether our common law rule that labor unions as unincorporated voluntary associations are not legal entities for the purpose of suing or being sued "is suited to present conditions." Secretary of the Commonwealth v. City Clerk of Lowell, 373 Mass. 178, 185 (1977). We conclude that it is not, and we hold that labor unions are legal entities for the purposes of suing or being sued.

The plaintiff alleges that she was assaulted by members of the United Electrical, Radio and Machine Workers of America, Local 274, as she drove her automobile through a picket line at her place of employment. The plaintiff filed a complaint against the local and national union, as well as two individuals, seeking damages for mental suffering and

---

[1] United Electrical, Radio and Machine Workers of America, the national union.

damage to her automobile. The defendant union's filed a motion to dismiss the complaint on the ground that the labor unions, as unincorporated labor associations, are not subject to suit under a common name. The trial judge dismissed the complaint. Recognizing the significance of the issue raised, the judge made an express determination that there was no just reason for delay (see Mass. R. Civ. P. 54 [b], 365 Mass. 820 [1974]), and directed the entry of a final judgment as to the unions. Further proceedings against the individual defendants were stayed pending appellate resolution of the issue. The plaintiff appealed. We granted the plaintiff's application for direct appellate review.

The plaintiff suggests that to change our rule is but a small step. She points out that unions can now be sued as unincorporated associations in most jurisdictions.[2] The

---

[2] In some States, statutes expressly authorize unincorporated associations to sue and be sued. See, e.g., Ala. Code §§ 6-7-80, 6-7-81; Ariz. Rev. Stat. Ann. § 23-1323 (1971); Conn. Gen. Stat. § 52-76 (1981); Del. Code Ann. tit. 10, § 3904 (1974); Fla. Stat. § 447.11 (1979); Ga. Code Ann. § 3-117 — 3-121 (1975); Haw. Rev. Stat. 634-3 (1976); Kan. Stat. Ann. § 44-811 (1981); La. Code Civ. Pro. Ann. art. 738 (West 1960); Md. Cts. & Jud. Proc. Code § 6-406 (1980); Mich. Comp. Laws § 600.2051 (1981); Minn. Stat. §§ 540.151, 540.152, 540.154 (1980); Mont. Codes Ann. § 25-5-104 (1981); Neb. Rev. Stat. § 25-313 (1979); Nev. Rev. Stat. § 12.110 (1979); N.H. Rev. Stat. Ann. § 510:13 (1968); N.M. Stat. Ann. §§ 53-10-5, 53-10-6 (1981); N.Y. Gen. Ass'ns Laws §§ 12-13 (McKinney 1942); N.C. Gen. Stat. §§ 1-69.1, 1A-1, Rule 4 (j) (8) (1969 & Cum. Supp. 1981); Ohio Rev. Code Ann. §§ 1745.01, 1745.02 (Baldwin 1982); Okla. Stat. tit. 12, § 182 (1971); R.I. Gen. Laws §§ 9-2-12, 9-2-14 (1970); S.C. Code §§ 15-5-160, 15-9-330 (1977); S.D. Codified Laws §§ 60-9-1 — 60-9-3 (1978); Tenn. Code §§ 20-2-202 (1981); Vt. Stat. Ann. tit. 12, § 814 (1973); Va. Code § 8.01-15 (1977).

Some States, by court rule, authorize unincorporated associations to sue or be sued. See, e.g., Alas. R.C.P. 17(b) (1981); Colo. R.T.P. 17(b) (1977); Ind. R.T.P. 17(b) (1973); 42 Pa. Cons. Stat. Ann. Rule 2153 (Purdon 1975); Utah R.T.P. 17(d) (1977); Wyo. R.C.P. 17(b) (1979).

Other States allow representative suits with recovery against the union as an entity. See *Thomas* v. *Dean*, 245 Ark. 446 (1968); *United Packing House Workers Local 38* v. *Boynton*, 240 Iowa 212, 221 (1949). In some States, courts have held that unions may sue and be sued by implication from other statutory authority. See *Lockridge* v. *Amalgamated Ass'n of St. Elec. Ry. & Motor Coach Employees*, 84 Idaho 201, 204 (1962); *Jackson* v. *International Union of Operating Eng'rs*, 307 Ky. 485 (1948);

plaintiff asserts that "[t]he old notion that [unions] were voluntary associations in the nature of a joint enterprise is now recognized as an historical curiosity."[3] *Brawner v. Sanders*, 244 Or. 302, 304 (1966). Note, Tort Liability of Labor Unions for Picket Line Assaults, 10 J.L. Ref. 517, 520 (1977).

The plaintiff contends that "[s]tructurally and functionally, a labor union is an institution which involves more than the private or personal interests of its members. It represents organized, institutional activity as contrasted with wholly individual activity. This difference is as well defined as that existing between individual members of the union. The union's existence in fact, and for some purposes in law, is as perpetual as that of any corporation, not being dependent upon the life of any member. It normally operates under its own constitution, rules and by-laws which, in controversies between member and union, are often enforced by the courts. The union engages in a multitude of business and other official concerted activities, none of which can be said to be the private undertakings of the members." *United States v. White*, 322 U.S. 694, 701-702

*Varnado v. Whitney*, 166 Miss. 663 (1933); *Donnelly v. United Fruit Co.*, 40 N.J. 61 (1963). See also *Askew v. Joachim Memorial Home*, 234 N.W.2d 226, 233-236 (N.D. 1975).

Finally, other State courts have declared labor unions to be legal entities. See *Marshall v. International Longshoremen's Local 6*, 57 Cal. 2d 781 (1962); *Keith Theatre Inc. v. Vachon*, 134 Maine 392 (1936); *Pushor v. Hilton*, 123 Me. 225 (1923); *Brawner v. Sanders*, 244 Or. 302, 304 (1966); *Borden v. United Ass'n of Journeymen & Apprentices*, 316 S.W.2d 458 (Tex. Civ. App. 1958), *S.C.*, 355 S.W.2d 729 (Tex. Civ. App. 1962), rev'd, 373 U.S. 690 (1963); *Arnold v. National Union of Marine Cooks & Stewards Ass'n*, 42 Wash. 2d 648 (1953), aff'd, 348 U.S. 37 (1954). See also *Busby v. Electric Utils. Employees Union*, 147 F.2d 865 (D.C. Cir. 1945). As a matter of Federal law, unions have been considered legal entities in the Federal courts since 1922. See *UMW v. Coronado Coal Co.*, 259 U.S. 344 (1922).

[3] Only three other States still follow the common law rule: Illinois (*American Fed'n of Technical Eng'rs, Local 144 v. LaJeunesse*, 63 Ill. 2d 263 [1976]), Missouri (*Helton v. Hake*, 564 S.W.2d 313 [Mo. App.], cert. denied, 439 U.S. 959 [1978]), and West Virginia (*Fairmont v. Retail Wholesale & Dep't Store Union*, 283 S.E.2d 589 [W.Va. 1981]).

(1944). See *UMW* v. *Coronado Coal Co.*, 259 U.S. 344, 385-386 (1922); *Marshall* v. *International Longshoremen's Local 6*, 57 Cal.2d 781, 784-785 (1962); Laski, The Personality of Associations, 29 Harv. L. Rev. 404, 404-405 (1915). Thus, she concludes there is no longer any reason to maintain the common law rule.

The defendants disagree. They rely upon our common law rule that "[t]here is no such entity known to the law as an unincorporated association, and consequently [an unincorporated labor union] cannot be made a party defendant." *Pickett* v. *Walsh*, 192 Mass. 572, 589 (1906). See *Labor Relations Comm'n* v. *Boston Teachers Local 66*, 374 Mass. 79, 93 (1977); *McCormack* v. *Labor Relations Comm'n*, 358 Mass. 682, 685 (1971); *Members of Bakery & Confectionery Workers Int'l Union, Local 458* v. *Hall Baking Co.*, 320 Mass. 286, 291 (1946); *Donovan* v. *Danielson*, 244 Mass. 432, 436-437 (1923).[4] Since "under common law, unincorporated associations were considered aggregations of individuals pursuing a common purpose . . . [they] could not sue or be sued as a separate entity." Note, Unincorporated Associations, 9 Akron L. Rev. 602, 604 (1976). See Oleck, Nonprofit Corporations, Organizations, and Associations 109 (4th ed. 1980); Forkosch, The Legal Status and Suability of Labor Organizations, 28 Temple L.Q. 1, 2-4 (1954); Sturges, Unincorporated Associations as Parties to Actions, 33 Yale L.J. 383, 383 (1923); Note, Unincorporated Associations: Liability of a Labor Union to a Member for the Union's Negligence, 50 Cal. L. Rev. 909, 909-910

---

[4] "The proper method of suit is to join as parties those individuals as are alleged to be and are fairly representative of the class composed of all the members. Liability, however, cannot be imposed upon all members except those participating in, authorizing, or ratifying the union's activity." Forkosch, The Legal Status and Suability of Labor Organizations, 28 Temple L.Q. 1, 15-16 (1954). See *New York, N.H. & H. R.R.* v. *Jenkins*, 331 Mass. 720, 734-735 (1954), rev'd on other grounds sub nom. *Local Union No. 25 of the Int'l Bhd. of Teamsters* v. *New York, N.H. & H. R.R.*, 350 U.S. 155 (1956); *Quinton's Market, Inc.* v. *Patterson*, 303 Mass. 315, 320-321 (1939); *Sweetman* v. *Barrows*, 263 Mass. 349, 355 (1928).

(1962); Note, Tort Liability of Labor Unions for Picket Line Assaults, 10 J.L. Ref. 517, 519-520 (1977). The defendants argue that the basis of the common law rule is still valid. We do not agree.

At the time the common law rule was established, labor unions were struggling for their existence and for recognition. Now "[u]nions have become endowed with great privileges and responsibilities as representatives of their members. Existence of such privileges must be accompanied by a correlative duty not to misuse them to the injury of [the public or] individual union members. Immunity from liability for misuse is inconsistent with basic notions of justice." *Donnelly* v. *United Fruit Co.*, 40 N.J. 61, 71-72 (1963). "It would be unfortunate if an organization with as great power as [a labor union] has in the raising of large funds and in directing the conduct of [its] members in carrying on, in a wide territory, industrial controversies and strikes, out of which so much unlawful injury to private rights is possible, could assemble its assets to be used therein free from liability for injuries by torts committed in course of such strikes." *UMW* v. *Coronado Coal Co.*, 259 U.S. 344, 388-389 (1922).

The defendants contend that since the Legislature has recognized labor unions as legal entities for some limited purposes[5] we should await legislative action on this issue. However, "it is within the power and authority of the court

---

[5] See, e.g., St. 1946, c. 618 ("labor union" must file certain statements and reports relating to objectives and finances); G. L. c. 150A, § 2 (1) (defines "person" to include "associations" for purposes of labor relations laws); G. L. c. 150A, § 4A (unfair labor practices by "labor organizations"); G. L. c. 150A, § 4B ("labor organization" commits unfair labor practice by refusing to bargain collectively); G. L. c. 151B, § 7 (penalties against "labor union" for failure to post certain notices). See also *Labor Relations Comm'n* v. *Boston Teachers Local 66*, 374 Mass. 79, 93 (1977) ("c. 150E, §§ 1 et seq., reveals a legislative intent to allow a union to be a party in a proceeding under c. 150E"); *Massachusetts Elec. Co.* v. *Massachusetts Comm'n Against Discrimination*, 375 Mass. 160, 177 (1978) (under G. L. c. 151B, §§ 1, 5, labor union may file complaint with commission alleging violation of G. L. c. 151B).

to abrogate [a] judicially created rule; and the mere longevity of the rule does not by itself provide cause for us to stay our hand if to perpetuate the rule would be to perpetuate inequity. When the rationales which gave meaning and coherence to a judicially created rule are no longer vital, and the rule itself is not consonant with the needs of contemporary society, a court not only has the authority but also the duty to reexamine its precedents rather than to apply by rote an antiquated formula." *Lewis* v. *Lewis*, 370 Mass. 619, 628 (1976). "The general rules of the common law, founded as they are upon 'justice, fitness and expediency,' are designed to meet and be susceptible of being adapted 'to new institutions and conditions of society . . . [and to] new usages and practices, as the progress of society in the advancement of civilization may require.'" *Commonwealth* v. *Gallo*, 275 Mass. 320, 333 (1931), quoting *Commonwealth* v. *Temple*, 14 Gray 69, 74 (1860). We believe that the common law remedy for the torts of an unincorporated labor union, requiring a suit against all members of that union, should no longer be followed. Therefore, we reverse the judgment dismissing the plaintiff's complaint.[6]

The defendants also ask us to dismiss the complaint on the ground that service of process was defective. The judge did not rule on this issue because he concluded that the labor unions were not legal entities. We think it inappropriate for us to decide this issue in the first instance.[7] The judgment of the Superior Court is reversed, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

---

[6] We limit our holding to labor unions only, leaving to future development the rules to be applied in cases involving other types of unincorporated voluntary associations. See *Marshall* v. *International Longshoremen's Local 6*, 57 Cal. 2d 781, 787 n.1 (1962); *Brawner* v. *Sanders*, 244 Or. 302, 307 (1966).

[7] Massachusetts Rule of Civil Procedure 4(d)(2), 365 Mass. 733 (1974), provides for service of process upon "an unincorporated association subject to suit within the Commonwealth under a common name."