**NORTHBROOK EXCESS AND SURPLUS INSURANCE COMPANY, Plaintiff,**

v.

**The MEDICAL MALPRACTICE JOINT UNDERWRITING ASSOCIATION OF MASSACHUSETTS, Defendant.**

**Civ. A. No. 85–751–Y.**

United States District Court, D. Massachusetts.

Sept. 5, 1989.

Timothy P. O'Neill, Richard J. Riley, Murphy, Demarco & O'Neill, Boston, Mass., for plaintiff.

Steven Schreckinger, Palmer & Dodge, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

This matter is before the Court on the motion of the plaintiff, Northbrook Excess and Surplus Insurance Company ("Northbrook") to amend its complaint pursuant to Fed.R.Civ.P. 23.2 to name St. Paul Fire & Marine Insurance Company as representative of the Medical Malpractice Joint Underwriting Association of Massachusetts (the "Association") as party defendant in the place of the Association. This motion follows a full trial of the underlying matter and a remand from the First Circuit Court of Appeals to this Court to consider whether diversity jurisdiction is lacking in this case. *Northbrook Excess & Surplus Ins. Co. v. Medical Malpractice Joint Underwriting Ass'n of Massachusetts*, No. 88–1669 (1st Cir. Mar. 23, 1989) (referenced at 873 F.2d 1434 [Table]).

As a preliminary matter, the parties apparently concede that the unamended complaint does not establish diversity jurisdiction. This is so because, as an unincorporated association, all the members of the Association must be considered in determining whether diversity jurisdiction exists. *E.g.*, 3B *Moore's Federal Practice*, para. 23.2.01, at 23.2–4. Because certain members of the Association are incorporat-

ed in Illinois, as is Northbrook, complete diversity is lacking.

▮ Northbrook thus moves to amend. The motion, however, must be denied. Rule 23.2 of the Federal Rules of Civil Procedure provides in pertinent part:

> An action brought by or against the members of an unincorporated association as a class by naming certain members as representative parties may be maintained only if it appears that the representative parties will fairly and adequately protect the interests of the association and its members.

While the Rule, standing alone, appears to authorize Northbrook's preferred amendment, the Advisory Committee Note accompanying Rule 23.2 makes clear that the Rule's provisions come into play only when the party in question is not a jural entity under state law:

> Although an action by or against representatives of the membership of an unincorporated association has often been viewed as a class action, the real or main purpose of this characterization has been to give "entity treatment" to the association when for formal reasons it cannot sue or be sued as a jural person under Rule 17(b).[1]

Fed.R.Civ.P. 23.2, Advisory Committee Note.

Courts, for the most part, have therefore interpreted the Rule to permit an unincorporated association to use its provisions only where state law does not allow suit by or against the group as an entity. *Patrician Towers Owners, Inc. v. Fairchild*, 513 F.2d 216, 220 (4th Cir.1975); *Nat'l Bank of Washington v. Mallery*, 669 F.Supp. 22, 24–25 (D.D.C.1987); *Lang v. Windsor Mount Joy Mutual Ins. Co.*, 493 F.Supp. 97, 99–100 (E.D.Pa.1980);[2] *Lee v. Navarro Savings Ass'n*, 416 F.Supp. 1186, 1190 (N.D.Tex.1976) *rev'd on other grounds,*

597 F.2d 421 (5th Cir.1979), *aff'd,* 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980); *Suchem, Inc. v. Central Aguirre Sugar Co.*, 52 F.R.D. 348, 355 (D.P.R.1971).

Contrary opinions are unpersuasive. For example, in *Kerney v. Ft. Griffin Fandangle Ass'n*, 624 F.2d 717, 720 & n. 6 (5th Cir.1980), the court permitted a suit to be maintained against an unincorporated association despite state law granting such associations entity status, where state law also permitted suits against the members of such an association individually and thereby permitted recovery from the individual members' property rather than that of the association. However, the court was careful to note that "[w]e do not decide whether a party may maintain a class suit under Rule 23.2 when the opposing party can establish that the plaintiff elected to bring a class action rather than an entity suit only in order to select diverse parties as named class representatives and thereby create jurisdiction and not in order to obtain different relief." *See also Oskoian v. Canuel*, 269 F.2d 311 (1st Cir.1959) (interpreting Rule 23[a] prior to the adoption of Rule 23.2 and its accompanying Advisory Committee Note); *Lumbermen's Underwriting Alliance v. Mobil Oil Corp.*, 612 F.Supp. 1166 (D.C.Idaho 1985) (following *Oskoian* and *Kerney*); 7C C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* sec. 1861, at 223 (1986) (hereinafter, "Wright, Miller & Kane") (stating without explanation that the Advisory Committee Note supports "the view that Rule 23.2 is a procedural device that provides a supplementary method for unincorporated associations to litigate in federal court," but conceding that "the clear trend in cases decided since the adoption of Rule 23.2" goes the other way).

The problem with this interpretation of Rule 23.2 is that it reads all meaning out of

---

**1.** The relevant portion of Fed.R.Civ.P. 17(b) states that "the capacity [of an unincorporated association] to sue or be sued shall be determined by the law of the state in which the district court is held...."

**2.** Admittedly, the *Lang* decision is not entirely clear whether the court would not employ Rule

23.2 in that case only because the state law in question forbade suing such an association as a class. It seems that the fact that the rule's purpose was served by an unincorporated association's ability to sue as an entity under state law carried some weight with the court as well. 493 F.Supp. at 99–100.

the Advisory Committee Note. In plain English, that Note states that the purpose of Rule 23.2 is to give entity treatment to unincorporated associations where state law—the reference to Rule 17(b)—does not permit them to sue or be sued. It logically follows then that, where state law does permit such associations to sue or be sued as jural entities, the purpose of Rule 23.2 has been satisfied and the Rule has no application.[3]

It is on this point that the analysis in *Lumbermen's Underwriting* appears to this Court to go astray. There, the court reasoned that the Advisory Committee Note's reference to entity treatment did not specifically refer to an unincorporated association's capacity to sue or be sued as an entity and that therefore "entity treatment" could "be achieved both by suing the entity in its common name *or* by suing the members of the association individually as a class." 612 F.Supp. at 1170 (emphasis in original). However, such a reading ignores the purpose of the Rule, expressly stated, which is merely to confer upon an unincorporated association entity treatment "when for formal reasons it cannot *sue or be sued as a jural person under Rule 17(b)*." Fed.R.Civ.P. 23.2, Advisory Committee Note (emphasis supplied). Significantly, the Note does not add to this stated purpose, "[or] to avoid the practical difficulties of joining all members of the associati〔n." *Id.*

██ Having established that whether Northbrook can employ Rule 23.2 turns on the Association's capacity to sue or be sued as a jural entity under Massachusetts law, the Court holds that the Massachusetts Supreme Judicial Court would extend the holding of *DiLuzio v. United Electrical, Radio and Machine Workers of America, Local 274*, 386 Mass. 314, 435 N.E.2d 1027 (1982) to the Association. In *DiLuzio*, the court held that labor unions, as unincorpo-

rated associations, could sue or be sued in their own names, 386 Mass. at 314, 435 N.E.2d 1027, expressly reserving the question whether this ruling would be extended to other unincorporated associations, *id.* at 319 n. 6, 435 N.E.2d 1027. Because the Association satisfies many of the criteria considered by the *DiLuzio* court, this Court is confident the *DiLuzio* holding would apply to it. For example, the Association, as a non-profit underwriting association which issues policies in its own name and divides fixed profits among its members according to an established formula, "represents organized, institutional activity as contrasted with wholly individual activity." *Id.* at 316, 435 N.E.2d 1027. "The [Association's] existence . . . is as perpetual as that of any corporation, not being dependent on the life of any member." *Id.* The Association engages in general medical malpractice underwriting work, "none of which can be said to be the private undertakings of the members." *Id.*[4]

In summary, because the Association may sue or be sued as an entity under Massachusetts law, Northbrook's Motion to Amend its Complaint pursuant to Rule 23.2 is DENIED. Complete diversity between the parties is therefore absent. As a result, this Court must DISMISS this action for lack of subject matter jurisdiction.

SO ORDERED.

██

---

**3.** As for the argument that the Note cites *Oskoian* with approval, *e.g.,* Wright, Miller & Kane, sec. 1861, at 223, the reference therein is too vague to tell for what the case is being cited, or whether the citation is meant to be a blanket endorsement of the case's reasoning or merely a reference to an example of the problem of the treatment of unincorporated associations in federal court.

**4.** *See* the Association's Enabling Act, Mass.St. 1975, ch. 362, sec. 6, as amended by Mass.St. 1980, ch. 333 and Mass.St.1986, ch. 351, sec. 33.