White, J.
Plaintiffs, Vangie Brennan (Brennan) and Mary Lou Shelales-Holmes (Shelales-Holmes), are employees of the Marlboro School Department. Their complaint alleges that defendants, Service Employees International Union, Local #254 (Union) and Kathy Conway (Conway), the Union’s business agent, failed to represent plaintiffs fairly and equally in negotiating a contract between the union employees and the school department. The complaint alleges eight counts. Defendants now move for summary judgment on all counts. For the following reasons, the motion is STAYED upon determination by the Labor Relations Commission.
BACKGROUND
The pleadings and the affidavits submitted to the court indicate the following facts. Plaintiffs are clerical workers for the Marlboro School Department. (Compl. at 1 -2, ¶5.) Conway is the business agent for the Union which represents the Marlboro School Department clerical workers in contract negotiations with the City of Marlboro. (Compl. at 1, ¶4.)
At some time prior to January 1, 1993, plaintiffs took on additional responsibilities and became Administrative Assistants. (Brennan Aff. at 4; Holmes Aff. at 3.) Conway continued to represent them as members of the Union, and negotiated a salary increase for plaintiffs. (Compl. at 2, ¶8.)
After January 1, 1993, Conway negotiated with the Marlboro School Department for a new contract for members of the Union. (Compl. at 2, ¶9.) Under the terms of the new contract, which was signed and ratified, plaintiffs received a salary increase of approximately one-third of the salary increase received by all other members of the Union. (Compl. at 3, ¶13.)
The complaint alleges that the Union and Conway negligently (Count I) and/or knowingly and intentionally (Count II) denied plaintiffs full and equal rights as members of the Union; breached their fiduciary duty (Count III) and contractual obligations (count IV); breached their duty of fair representation (Count V); violated G.L.c. 12 (Count VI); violated the National Labor Management Act, 29 U.S.C. (Count VII); and violated the National Labor Relations Act, 29 U.S.C. (Count VIII). Defendants now move for summary judgment as to all counts.
DISCUSSION
In support of their motion, defendants raise two jurisdictional issues. They contend that (1) the Union cannot be sued because it is an unincorporated association; and (2) this action belongs before the state Labor Relations Commission.
Turning to the first argument, the Supreme Judicial Court has clearly spoken on the issue of whether a union can be a party to a legal action. Labor unions are “legal entities" for the purpose of suing or being sued. See DiLuzio v. United Electric. Radio & Mach. Workers of America, Local 274, 386 Mass. 314, 318-19, *92 appeal after remand, 391 Mass. 211 (1982). The Court in DiLuzio, supra, specifically rejected as obsolete the common law rule that labor organizations lack status as a legal entity. Id.
Defendants also challenge this court’s jurisdiction on the grounds that the state Labor Relations Commission has primary jurisdiction over plaintiffs’ claims. The Massachusetts Labor Relations Act, G.L.c. 150E, vests authority in the state Labor Relations Commission to investigate and hear complaints alleging prohibited labor practices. G.L.c. 150E, §11 (1982 & 1995 Supp.); Leahy v. Local 1526 American Federation of State. County & Municipal Employees, 399 Mass. 341, 346 (1987). “The central purpose of the Act and the agency it creates is to police the line between employers and unions, ensuring that the collective bargaining process provides a mechanism for peaceful resolution of disputes.” Leahy, supra, at 349. Generally, courts employ the doctrine of “primary jurisdiction” or “prior resort” in order to “preclude judicial consideration of a question while there remains any possibility of further administrative action.”[3] J.&J. Enterprises, Inc. v. Martignetti, 369 Mass. 535, 539 (1976).
As to disputes concerning the duty of fair representation between an employee and a union, the Supreme Judicial Court has rejected the doctrine in some circumstances and conferred concurrent jurisdiction on the courts and the state Labor Relations Commission.[4] Leahy, supra, at 349-51. Additionally, the Court noted that where the entire controversy is not within the exclusive jurisdiction of the agency, in many cases the proper course would be for the court to stay the action instead of dismissing it. Id. at 351 n.5 ; see also J.&J. Enterprises Inc., supra, at 541.
Here, plaintiffs allege various violations of the state and federal labor acts, state civil rights act, and other wrongful conduct including breach of contract and breach of fiduciary duty as well as “negligent” and “intentional” discrimination. Some of the counts are common law claims and state statutory claims outside of the Labor Relations Act and not within the Commission’s jurisdiction.
Taking into consideration the twin interests of deferring to the agency’s expertise and adjudicating plaintiffs’ claims, this court finds that a stay, rather than a dismissal of the action, “would accomplish the purposes of the doctrine of prior resort and would avoid possible unfair prejudice to the plaintiffs’ rights.” See J.&J. Enterprises, Inc., supra, at 541. Therefore, the court finds that the proper course is to stay the proceedings until the Labor Relations Commission has made a determination on those claims raised by plaintiffs over which the Labor Relations Commission has primary jurisdiction. The court declines to rule on defendants’ summary judgment motion at this time.
ORDER
For the foregoing reasons, it is hereby ORDERED that further proceedings in this case be STAYED pending remand to the Labor Relations Commission for its determination of plaintiffs’ claims within its jurisdiction.

The doctrine of primary jurisdiction differs from the exhaustion of remedies doctrine in that the former precludes judicial consideration where no administrative proceeding is pending while the latter precludes premature interference with a pending administrative proceeding. J.&J. Enterprises, Inc. v. Martignetti, 369 Mass. 535, 539 (1976).

Federal courts have rejected the doctrine of primary jurisdiction for duty of fair representation cases. See Vaca v. Sipes, 386 U.S. 171 (1967). The Vaca court found that concurrent jurisdiction is appropriate because exclusive jurisdiction by the administrative agency in duty of fair representation cases would “confer upon unions such unlimited discretion to deprive injured employees of all remedies for breach of contract.” Id.