JOHN P. CAVARNOS *vs.* ATHENAGORAS KOKKINAKIS
(and a companion case[1]).

Middlesex.   December 4, 1958. — January 14, 1959.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, &
WHITTEMORE, JJ.

*Libel and Slander.   Teacher.*

An oral statement alleged to have been false and to have been made at a public hearing before the Board of Collegiate Authority upon an application of a theological school to amend its charter, in substance that a certain professor at the school tried to introduce "communistic literature" therein and for that reason was about to be dismissed from the teaching faculty of the school, could reasonably be found to be prejudicial to him in his profession as a teacher or probably to tend to be so, to be defamatory of him, and to constitute slander.

TWO ACTIONS OF TORT.   Writs in the Superior Court dated October 16, 1957.

The actions were heard by *Fairhurst,* J., on demurrers.

*Donald R. Anderson,* for the plaintiff.

*Constantine M. Bucuvalas,* for the defendants.

------

[1] The companion case is by the same plaintiff against Antonios Anastassi.

WILKINS, C.J.   In each of these two actions of tort for slander a demurrer to the declaration was sustained, and the trial judge has reported this ruling.

In the action against the defendant Kokkinakis the allegations of the declaration are that the plaintiff is a professor of classical studies and is, and has been for many years, qualified and employed to give instruction in such studies to college and university students; that on or about March 26, 1957, at a public hearing before the Board of Collegiate Authority of this Commonwealth upon the application, under G. L. c. 69, § 30, of the Holy Cross Orthodox Theological School to amend its charter, the defendant falsely and maliciously spoke and published of the plaintiff substantially the following words, "he [meaning the plaintiff] tried to introduce in the school [meaning the Holy Cross Orthodox Theological School] communistic literature [meaning literature which was subversive of, or tending to subvert, the morals and loyalty of his students], and for that reason, he . . . was about to be dismissed [meaning that the plaintiff was about to be dismissed from the teaching faculty of the Holy Cross Orthodox Theological School]," the defendant meaning that the plaintiff was unfit and unsuitable, and had been determined to be unfit and unsuitable, to engage in his profession as an instructor, and that as a result he has been injured in his reputation and in his profession.

In the action against the defendant Anastassi the allegations of the declaration are that at the public hearing referred to in the action against the defendant Kokkinakis the words above quoted were spoken and published of the plaintiff, similarly described, as in the other case, as a professor of classical studies; that immediately after the speaking of those words the defendant falsely and maliciously spoke and published of the plaintiff substantially the following words, "Yes [meaning thereby to adopt the aforesaid words], he [meaning the plaintiff] was about to be dismissed from the school," and "Any man who, like Mr. Cavarnos, makes such statements [meaning a statement

made by the plaintiff to the Board of Collegiate Authority] shows criminal tendencies,"[1] the defendant meaning that the plaintiff was unfit and unsuitable, and had been determined to be unfit and unsuitable, to engage in his profession as an instructor; and that as a result he has been injured in his reputation and in his profession.

The grounds of demurrer in each case are, in substance, failure to state a cause of action; and that the "declaration is ambiguous, vague, and uncertain, thus not being susceptible of a clear interpretation."

The applicable principle of law need not be stated at length. "It is settled that words spoken orally are not actionable per se, unless they charge the plaintiff with a crime, or state that he is suffering from certain diseases, or prejudice him in his office, profession or business or may probably tend to do so." *Lynch* v. *Lyons*, 303 Mass. 116, 118–119. Restatement: Torts, §§ 570, 573. Prosser, Torts (2d ed.) § 92.

We have no doubt that the words alleged to have been uttered by one defendant and to have been adopted by the other could reasonably be found to be defamatory of the plaintiff and to be prejudicial to the plaintiff in his profession as a teacher or probably to tend to do so. To charge a teacher with an attempt to introduce communistic literature in a school, as a result of which he was about to be dismissed from his position, could reasonably be found to mean that there had been an adjudication by some higher authority that the plaintiff's efforts were detrimental to the school at least in either or both of two respects: The communistic literature was sought to be introduced not for literary or historical purposes but because (1) it was sponsored by the Communist Party or its agents or (2) it was in aid of the objectives of the Communist Party.

Much which was stated in a recent decision of this court is here pertinent. In *Faxon* v. *School Comm. of Boston*, 331 Mass. 531, it was said, "Neither the school committee

---

[1] The plaintiff has not presented any argument as to this allegation. Accordingly, we do not consider it.

Cavarnos *v.* Kokkinakis.

nor the court exists in a vacuum. Neither can profess ignorance of the currents of opinion which sway great masses of the people. It cannot be doubted that multitudes of people in this community regard with abhorrence the Communist Party and communism as that term is generally understood. It is not for this court to say why this is so or whether this feeling has gone too far or not far enough. It is sufficient for us that the feeling exists. . . . It is apparent that a school teacher has extensive and peculiar opportunity to impress his attitude and views upon pupils in his charge" (page 534).

The defendants contend that there could not be a reflection upon the plaintiff's capacities or capabilities for a theological school to take a strong stand "against communistic, anti-clerical and anti-religious literature." Whether this argument, if accepted as a fact, would aid the defendants, we need not say. It is enough for present purposes that the trier of fact reasonably might accept the interpretations outlined above.

The defendants object that not enough appears of the circumstances. It is pointed out that the declarations do not allege who the defendants are. We think, however, that enough of the circumstances do appear in the allegations that the statements were made in a public hearing before a State administrative body in the performance of its duty to make an investigation. See G. L. c. 69, § 30.

In each case the entry will be
                    *Order sustaining demurrer reversed.*