HAROLD THERAN & another[1] vs. DAVID ROKOFF & others.[2]

Suffolk. October 8, 1992. - November 3, 1992.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & GREANEY, JJ.

*Libel and Slander.*

An attorney's sending of an allegedly defamatory communication, characterized as a demand letter under G. L. c. 93A, the Consumer Protection Act, was protected by an absolute privilege, where the letter was preliminary to a proposed judicial proceeding and was sent to prospective defendants upon whom the demand was made. [591-592]

CIVIL ACTION commenced in the Superior Court Department on September 29, 1989.

The case was heard by *Guy Volterra,* J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Richard J. Fallon* for the plaintiffs.

*Peter A. Johnson* for the defendants.

NOLAN, J. This case presents the question whether absolute immunity should attach to an attorney's letter to persons who are not defendants in an underlying action. We affirm the summary judgment entered in favor of the defendants.

It is important to identify the parties to this litigation. The plaintiff Theran is a real estate developer of the Cabot Estate Condominiums. The plaintiff Cabot Estate Development Company is a joint venture of Olympia & York State Street Corp. and Old State Management Corp. which developed the

---

[1]Cabot Estate Development Company, a joint venture of Olympia & York State Street Corp. and Old State Management Corp.

[2]Twenty-three named unit owners at the Cabot Estate Condominiums.

Cabot Estate Condominiums. The defendant, David Rokoff, is an attorney representing the other defendants who are unit owners at the Cabot Estate Condominiums.

In behalf of the other defendants, Rokoff sent a letter, described as a demand letter pursuant to G. L. c. 93A (1990 ed.), addressed to the plaintiffs. "Courtesy" copies were mailed to the trustees of Cabot Estate Condominiums. The demand letter complains of multifarious wrongs allegedly perpetrated by the developers among which are the illegal establishment of common area fees, misrepresentation in the sale of units and parking spaces, mismanagement of the condominium by the developer and trustees, failure to disclose lack of authority to amend the master deed, and violation of G. L. c. 93A, the consumer protection statute.

Summary judgment should be entered (1) when there is no genuine issue of material fact, and (2) when there is substantive law under which such judgment may be entered for the moving party. See Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). Summary judgment is favored in defamation cases where, as here, the determinative issue is one of law, not of fact. See *New England Tractor-Trailer Training of Conn., Inc.* v. *Globe Newspaper Co.*, 395 Mass. 471, 480 (1985). The single issue of law here is whether the defendants enjoyed the benefit of an absolute privilege in transmitting the demand letter to the trustees. The plaintiffs argue that the absolute privilege which protects the defendants in the mailing of the letter to the plaintiffs does not extend its umbrella of protection to the defendants in the transmission to the trustees. We do not agree.

We have held that an attorney is absolutely privileged in sending an allegedly defamatory communication to a person against whom, the communication indicates, the attorney is threatening to bring a law suit. *Sriberg* v. *Raymond*, 370 Mass. 105, 106-108 (1976). Specific charges of unfair or deceptive acts were levelled at the trustees as well as at the developers in the demand letter and demand is made on the trustees as a preliminary move before bringing an action under c. 93A against *both* the developers and the trustees.

These charges and demands bring the letter to the trustees within the sweep of *Sriberg*. The transmittal to the trustees also comes within the language of the Restatement (Second) of Torts § 586 (1977), which provides for an absolute privilege to an attorney "to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding."

The defendants ask us to declare the plaintiffs' action frivolous and not advanced in good faith so as to award them fees and costs under G. L. c. 231, § 6F (1990 ed.). We decline to do so.

*Judgment affirmed.*