Beattie, J.
In this case, we are asked to decide if the trial judge erred by granting defendants’ motion for summary judgment.
The pertinent facts for deciding this issue are the following:
Plaintiffs entered into a “Holdback Agreement” with the defendants on February 27, 1990, regarding work to be completed after the sale of certain condominium units to the defendants.
The Holdback Agreement specified the work to be performed, the amount held back from the sale, and the date by which the work was to be completed — June 15,1990.
“If all the work is not completed on or before the Completion Date, the Buyer *182 may at any time thereafter and prior to completion of the work by the Seller, give notice to the Escrow Agent and the Seller that the work is not completed, specifying in detail the nature and extent of the work remaining to be done. Upon the expiration of fifteen (15) days following receipt by the Escrow Agent of such notice, and prior to receipt by the Escrow Agent of notice from the Seller that the work has since been completed and approved by Buyer as herein provided, the Escrow Agent will pay the Holdback Amount to the Buyer for application toward completion of the work.”
The agreements went on to state in Par. 7: ‘This Holdback Agreement and all obligations of the parties hereto shall terminate (a) upon delivery by the Escrow Agent of the Holdback Amount pursuant to the terms hereof, or (b) upon the receipt by Escrow Agent of written instructions to that effect signed by both Seller and Buyer.”
It is undisputed that the work was not completed by the June 15,1990 date, that notice was sent pursuant to Par. 5 and the escrow proceeds were paid over to defendants in accordance with its terms.
Subsequently, in 1991, Treasure Island Development Corporation (T.I.D.C.) purchased the remainder of the condominium project from Treasure Island Realty Trust. Some paving work and other unspecified repairs were then completed and paid for by T.I.D.C. and T.I.D.C. requested release of the holdback amounts from the escrow agent. The escrow agent advised T.I.D.C. that the funds had been returned to the defendants in full compliance with the holdback agreement, and Treasure Island Realty Trust brought this action.
“Summary Judgment should be entered (1) when there is no genuine issue of material fact, and (2) when there is substantial law under which judgment may be entered for the moving party.” Theran v. Rokoff, 413 Mass. 590, 602 N.E. 2d 191, 192 (1992).
The moving party has the burden of establishing that no genuine issue of material fact exists, and may do this by providing credible evidence from affidavits, depositions, etc.Atty. General v. Bailey, 386 Mass. 367 (1982).
Once the burden has been satisfied by the moving party, the opposing party must set forth specific facts showing that there is a genuine issue of material fact to be decided at trial. MacLean v. Delinsky, 407 Mass. 869 (1990).
In the instant case, the validity of the holdback agreement is not disputed. It is also undisputed that the work to be performed was not completed by June 15, 1990, that appropriate notice was given of the failure of seller to complete the work, and the escrow funds were turned over to defendants (buyers) without objection by seller in accordance with Par. 5 of the agreement.
At this point, the holdback agreement terminated pursuant to Par. 7 of the agreement.
Consequently, any work performed by any entity after the point that the escrow agent delivered the holdback amount to the buyers, was not performed under the agreement, since the agreement terminated.
This would preclude any claim by plaintiffs under Par. 15 of the agreement since the agreement was no longer in effect.
Taking all the evidence in the light most favorable to the plaintiffs, the court was justified in finding that there was no genuine issue as to material fact. Therefore, the trial court did not err in allowing defendants’ motion for summary judgment. Judgment affirmed.