GARY VISNICK *vs.* JEANNETTE C. CAULFIELD.

No. 07-P-1648.

Middlesex. November 6, 2008. - March 10, 2009.

Present: CYPHER, GRAINGER, & WOLOHOJIAN, JJ.

*Privileged Communication. Evidence,* Privileged communication. *Libel and Slander. Unlawful Interference. Contract,* Interference with contractual relations.

In a civil action, the judge erred in denying the defendant's motion for summary judgment on the plaintiff's claims of defamation by libel and slander, where the absolute litigation privilege protected statements that the defendant made in a letter written to the employer of the plaintiff preliminary to the filing of the defendant's sexual harassment complaint, as well as statements that the defendant made in her filing with the Equal Employment Opportunity Commission [811-813]; moreover, the defendant was entitled to summary judgment on the plaintiff's claims of malicious interference with advantageous business relations and wrongful procurement of breach of employment contract, where those claims were based on the statements made in the defendant's letter [813-814].

CIVIL ACTION commenced in the Superior Court Department on March 9, 2006.

The case was heard by *Wendie I. Gershengorn,* J., on motions for summary judgment.

*Jody L. Newman* for the defendant.

*David F. Segadelli* for the plaintiff.

CYPHER, J. This case presents the question whether the absolute litigation privilege applies to statements made by the defendant, Jeannette C. Caulfield, in the course of her sexual harassment complaint to the employer of plaintiff Gary Visnick and to the Equal Employment Opportunity Commission (EEOC). We conclude the privilege is applicable.

*Factual background.* Visnick and Caulfield were employed by Marriott International, Inc., doing business as Cambridge

Center Marriott (Marriott), in Cambridge. Visnick, an assistant restaurant manager, was the direct supervisor of Caulfield, a bartender, from September, 2003, until her resignation in May, 2004.

Caulfield reapplied for employment in November or December, 2004, at the suggestion of a new manager at Marriott, who interviewed Caulfield and invited her to return for another interview, which necessarily would be conducted jointly with Visnick. Although wary because of her past experience with Visnick, Caulfield returned in early December, to find only Visnick present. The interview proceeded badly, according to Caulfield. Immediately following the interview, Caulfield complained to the new manager and to a second manager, alleging Visnick had sexually harassed her and behaved inappropriately during the interview, and stating that she was withdrawing her employment application. Caulfield declined the new manager's suggestion that she discuss her complaint with Marriott's human resources representative.

In a letter dated January 12, 2005, Caulfield wrote to the general manager of Marriott (sending copies to the human resources and legal departments), stating her complaint about the interview with Visnick, and also raising complaints about Visnick's conduct during her employment with Marriott. She indicated that Visnick's conduct and other alleged unfair treatment by Marriott were the reasons for her resignation in May, 2004, alleging constructive termination. Caulfield stated she intended to file charges with the EEOC and the Massachusetts Commission Against Discrimination (MCAD). Caulfield also stated that she had discussed these issues with an attorney who had advised her first to seek compensation from Marriott before filing any formal legal action. The letter concluded with a money demand and a demand for a response within ten days.[1]

Apparently receiving no response from Marriott, Caulfield, pro se, on March 7, 2005, filed a charge of discrimination against Marriott with the EEOC. That matter was settled through mediation in May, 2005. Caulfield took no further action.

---

[1]Following an internal investigation, Visnick was terminated by Marriott on March 3, 2005, for violation of Marriott's policy on harassment and professional conduct.

On March 9, 2006, Visnick filed a ten-count complaint in the Superior Court against Marriott and Caulfield, principally seeking damages for his alleged wrongful termination from employment against Marriott, and for defamation by libel and slander, and two other tort claims, against Caulfield. Caulfield filed a counterclaim alleging retaliation in violation of G. L. c. 151B, § 4(4). Caulfield subsequently sought summary judgment on all counts of Visnick's complaint against her, asserting absolute privilege. Visnick opposed, and sought summary judgment on Caulfield's counterclaim.[2]

After a hearing, a Superior Court judge denied Caulfield's motion and allowed Visnick's. Caulfield appeals the portion of the order denying her motion, claiming that her statements in the January 12, 2005, letter were absolutely privileged.[3]

*Discussion.* We examine the summary judgment record according to well-established principles, focusing on Caulfield's burden as the moving party to show the absence of any genuine issue of disputed material fact and that she is entitled to judgment as matter of law. *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991). "Summary judgment is favored in defamation cases where . . . the determinative issue is one of law, not of fact." *Theran* v. *Rokoff*, 413 Mass. 590, 591 (1992).[4] Caulfield claims that the absolute litigation privilege protects

---

[2]Prior to any decision on the summary judgment motions, Visnick reached a settlement with Marriott and he, Caulfield, and Marriott filed a joint stipulation of dismissal as to Marriott.

[3]Caulfield sought entry of separate and final judgment on the portion of the order allowing Visnick's motion for summary judgment on Caulfield's counterclaim, so as to consolidate review of that decision with review of the order denying her motion for summary judgment. Because her motion was unsuccessful, no issue on the counterclaim is before us.

[4]Visnick argues in his brief that Caulfield failed to petition for interlocutory review of the order denying her summary judgment. The denial of Caulfield's motion, however, is immediately appealable under the doctrine of present execution and such petition was unnecessary.

As we suggested in *Fisher* v. *Lint*, 69 Mass. App. Ct. 360, 361 n.3 (2007), "the denial of a pretrial motion predicated upon an absolute privilege, which provides immunity from suit, would also qualify under the doctrine of present execution." The *Fisher* court relied on the present execution exception to the rule that appellate courts ordinarily reject review of trial rulings that are not final dispositions on the merits. See *Fabre* v. *Walton*, 436 Mass. 517, 520-521 (2002), *S.C.*, 441 Mass. 9 (2004), and cases cited. The court in *Fabre* ruled that the protections afforded by G. L. c. 231, § 59H (commonly known as the

the statements made in her letter dated January 12, 2005, and that she is entitled to judgment as matter of law on Visnick's claims, all of which are based on the letter.

1. *The defense of absolute privilege.* The privilege invoked by Caulfield is well established. "We have hitherto held that statements by a party, counsel or witness in the institution of, or during the course of, a judicial proceeding are absolutely privileged provided such statements relate to that proceeding." *Sriberg* v. *Raymond*, 370 Mass. 105, 108 (1976). "Where a communication to a prospective defendant relates to a proceeding which is contemplated in good faith and which is under serious consideration, it is our view that the privilege should attach." *Id.* at 109. See Restatement (Second) of Torts § 587 (1977). "The privilege extends to circumstances where the statements are made preliminary to a proposed or contemplated judicial proceeding as long as they bear some relation to the proceeding." *Fisher* v. *Lint*, 69 Mass. App. Ct. 360, 366 (2007).

Caulfield's letter unequivocally stated that she had decided to file charges with the EEOC and the MCAD, as well as a lawsuit. She also indicated that after discussion with an attorney, she was willing to accept his advice first to write to Marriott in an attempt to "resolve this matter in an expeditious and amicable manner prior to filing any formal legal actions." She stated further that "should I be forced," she would retain an attorney "to pursue formal legal action." The letter clearly contained statements made preliminary to a "contemplated judicial proceeding," *ibid.*, and related to a "proceeding which is contemplated in good faith and . . . under serious consideration." *Sriberg* v. *Raymond, supra.*

Contrary to the judge's finding below, the particulars in Caulfield's EEOC filing, which were substantively identical to the statements in her letter, also were protected by the absolute

"anti-SLAPP" statute), were similar to orders relating to governmental immunity from suit, and under the doctrine of present execution, immediate appeal is allowed if the order will "interfere with rights in a way that cannot be remedied on appeal from the final judgment." *Id.* at 521. It is apparent that the protections of absolute privilege, just as other protections from suit, "are in large measure lost if the petitioner is forced to litigate a case to its conclusion before obtaining a definitive judgment through the appellate process." *Ibid.* Contrast *Ruggiero* v. *Giamarco, ante* 743, 747-748 (2009).

privilege. It readily is apparent that proceedings before the EEOC are sufficiently judicial in nature for application of the privilege. Cf. *Fisher* v. *Lint, supra* at 366, 369.[5] "Statements made in the course of a judicial proceeding which pertain to that proceeding are, of course, absolutely privileged and cannot support a claim of defamation, even if uttered with malice or in bad faith." *Correllas* v. *Viveiros*, 410 Mass. 314, 319 (1991).[6] Moreover, Caulfield complied with the policy underlying the requirement of filing administrative charges with the EEOC prior to commencing a civil action, which is to provide "an opportunity for early conciliation." *Lattimore* v. *Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir. 1996). *Ahanotu* v. *Massachusetts Turnpike Authy.*, 466 F. Supp. 2d 378, 391 (D. Mass. 2006).

Caulfield timely complained directly to Marriott, then to the EEOC. Because her statements were made entirely in the confines of a protected forum, she is entitled to the defense of absolute privilege on Visnick's defamation claims based on libel and slander.[7]

2. *The tort claims.* Visnick also alleged against Caulfield malicious interference with advantageous business relations and wrongful procurement of breach of employment contract. These claims also are based on statements in Caulfield's January 12, 2005, letter. "[T]he absolute privilege which attaches to those statements protects the maker from any civil liability based thereon. . . . To rule otherwise would make the privilege valueless if an individual would then be subject to liability under a different theory." *Doe* v. *Nutter, McClennen & Fish*, 41 Mass. App. Ct. 137, 140-141 (1996), and cases cited. See *Robert L. Sullivan, D.D.S., P.C.* v. *Birmingham*, 11 Mass. App. Ct. 359,

---

[5] "Judicial proceedings include all proceedings in which an officer or tribunal exercises judicial functions." Restatement (Second) of Torts § 587 comment f.

[6] Visnick's opposition to Caulfield's motion for summary judgment was based on denials of inappropriate or unlawful conduct, and assertions disputing the truth of Caulfield's charges of misconduct, as well as her motivation, intention, and good faith in considering a lawsuit.

[7] While the defamation by slander claim was based on oral statements made by Caulfield after the interview with Visnick, those statements were "part of a continuous transaction where disclosure should occur without fear of a civil action for defamation." *Correllas* v. *Viveiros*, 410 Mass. at 324.

367-368 (1981). Caulfield accordingly is entitled to summary judgment on these claims as well.

*Conclusion.* The portion of the order denying Caulfield's motion for summary judgment is reversed. A new order is to enter allowing the motion, and judgment shall enter dismissing Visnick's complaint.[8]

*So ordered.*

---

[8]The requests by the parties for appellate attorney's fees are denied.